

U.S. COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, NY 10278-0001

CHAMBERS
OF
Stephen A. Vaden
Judge

April 22, 2025

**VIA ELECTRONIC FILING**

U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: *In re United States*, Fed. Cir. No. 2025-127

**U.S. COURT OF INTERNATIONAL TRADE'S LETTER IN RESPONSE TO A PETITION FOR A WRIT OF MANDAMUS**

To the Honorable Judges of the Federal Circuit:

A writ of mandamus is one of "the most potent weapons in the judicial arsenal." *Will v. United States*, 389 U.S. 90, 107 (1967).  It is an "extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Kerr v. United States Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976)).  Courts only wield mandamus power when there are no alternative means to deal with a lower court's "usurpation of power … or [its] clear abuse of discretion …." *Cheney v. United States Dist. Ct. for*

*Dist. of Columbia*, 542 U.S. 367, 380 (2004) (first quoting *Will*, 389 U.S. at 95; then quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953)). The circumstances giving rise to the Commission's petition do not meet this onerous standard.

The Commission brought its petition because it believes it has an unbounded and unreviewable power to redact information. The Court rejected this contention in its *OCP Confidentiality Decision* and found that the Commission cannot abuse its redaction powers by hiding non-confidential information from public view. *OCP S.A. v. United States* (*OCP Confidentiality Decision*), 49 CIT __, Consol. Court No. 1:21-cv-00219, 2025 Ct. Intl. Trade LEXIS 32, at *59 (CIT Mar. 27, 2025). The Court also explained that the Commission's redactions are subject to judicial review and do not bind the courts, as the Commission may not "dictate to the courts how to conduct the judiciary's work." *Id.* at *39; *see also In re Violation of Rule 28(d)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011) (noting that improper redaction "hampers [the Court's] consideration and opinion writing"). Rather than adhere to that decision and follow the ordinary appellate review process, the Commission has asked the Federal Circuit for extraordinary relief. It is not entitled to that relief because it

lacks standing to file the petition and its claims are in direct contravention of the law.

## I. THE COMMISSION LACKS STANDING.

Procedural problems infect the Commission's petition for a writ of mandamus and weigh in favor of dismissing the petition. First, the Commission's petition is based on a right to relief that the Commission has no standing to raise. Before mandamus may issue, the Commission must show that *its* "right to issuance of the writ is 'clear and indisputable.'" *Cheney*, 542 U.S. at 381 (quoting *Kerr*, 426 U.S. at 403); *cf. Richardson v. Nicholson*, 476 F.3d 883, 886 (Fed. Cir. 2007) (applying standing requirements in a mandamus action against an Executive Branch official) ("[Petitioner] has no clear entitlement to relief here, at least for the reason that she lacks standing."). The rights at issue in this case arise out of the alleged harm that would occur if the Court "imminently … issue[s] its merits decision and release[s] [business proprietary information] therein[.]" ITC's Petition for a Writ of Mandamus (ITC's Petition) at 7; *see also id.* at 16–17 ("Mandamus relief is warranted in this case because the [Court] made clear in its March Order that it will imminently release information that the Commission

3

treated as [business proprietary information], without *the submitter's consent*.") (emphasis added). As the Commission's petition admits, the information at issue does not belong to the Commission; it belongs to the parties who took part in the underlying investigation. *See id.* at 6 (referring to those parties as "the owners of the information"). The Commission has no independent power to redact this information because it may only treat information as confidential if "the person submitting the information" requests it be redacted. *See* 19 U.S.C. § 1677f(b)(1)(A). The Commission ignores the statutory scheme in its petition and instead tries to manufacture standing by claiming that the Court is hampering its "ability to gather candid and complete information." ITC's Petition at 7.

Though the Commission admits it is the individual parties' information at issue, those parties have not filed a petition for review.[1] Indeed, in some instances, those parties have even admitted that the information at issue is not confidential. *See, e.g.*, Mosaic's Suppl. Br. at

---

[1] The Commission's appeal in *In re United States*, Fed. Cir. No. 24-1566, may suffer from the same defect. The parties whose information is at issue there have dropped out of the case and declined to challenge the Court's opinion on the confidentiality of the information. *See* Order at 2, *CVB, Inc. v. United States*, Fed. Cir. No. 24-1504, ECF No. 63.

4

1, Consol. Ct. No. 1:21-cv-00219, ECF No 195. The Commission cannot stand in their shoes and assert a "clear and indisputable" right to mandamus relief on their behalf. *Kerr*, 426 U.S. at 403; *see also Warth v. Seldin*, 422 U.S. 490, 499–500 (1975) ("[T]his Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Because the Commission admits that the harm it seeks to remedy is not its own, the Commission has no standing to file the petition; and the petition should be dismissed.

Second, mandamus relief cannot be used "as a substitute for the regular appeals process[.]" *Cheney*, 542 U.S. at 380–81 (citing *Ex parte Fahey*, 332 U.S. 258, 260 (1947)). The Commission acknowledges that the same legal issues raised in its petition "form the basis of another ripe appeal currently before [the Federal Circuit] in *In re United States*, Fed. Cir. No. 24-1566." ITC's Petition at 1. That appeal is proceeding through the ordinary route and has already been "exhaustively briefed by the Commission and two *amici* associations of attorneys …." *Id.*

There is no need to short-circuit that process. Out of respect for the Federal Circuit's ongoing review of this petition, the Court has released

its *OCP Merits Decision* under seal. That decision does not contain the purportedly confidential information at issue in the underlying confidentiality dispute. The breadth of the Commission's legal errors did not require diving into those minutiae. *Compare OCP S.A. v. United States* (*OCP Merits Decision*), Consol. Court No. 1:21-cv-00219, Slip Op. 25-51, ECF No. 224, *with* Order Ex. 1, Consol. Ct. No. 1:21-cv-00219, ECF No. 159, *and OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32.

The Commission has come to the Federal Circuit seeking emergency relief. However, one year ago, the Court gave the parties to the case an opportunity "to present witnesses and exhibits to explain the redactions and what harm would occur if the redacted information was not afforded confidential treatment." *OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *6; *see also* Order at 7, Consol. Ct. No. 1:21-cv-00219, ECF No. 158. They waived that opportunity. *See* Hr'g Tr. at 9:23–10:8, Consol. Ct. No. 1:21-cv-00219, ECF No. 193. The Commission cannot now be heard to claim a right to extraordinary relief when — with thirty days' notice — it failed to produce one witness or

exhibit to demonstrate concrete harm from the release of information much of which is already public.

The sealed *OCP Merits Decision* demonstrates that the Commission's fears are unfounded. The opinion should be publicly released, and the underlying remand in this case should proceed. The Commission should not be allowed to use mandamus to appeal the merits decision. Any alleged harms from the information's release fall on the parties — in the Commission's words, "the owners of the information." ITC's Petition at 6. Because the Commission cannot seek relief for third parties who have declined to join its petition, the Commission lacks standing; and its petition should be dismissed.

## II. THE PETITION FAILS ON THE MERITS.

Even were the Federal Circuit to reach the merits, the Commission has not demonstrated an entitlement to relief. To be granted, a petition for a writ of mandamus must show the existence of extraordinary circumstances "amounting to a judicial usurpation of power … or a clear abuse of discretion[.]" *Cheney*, 542 U.S. at 380 (internal quotation marks and citations omitted). The *OCP Confidentiality Decision* comes nowhere close. That forty-eight-page opinion explains why the Commission's

"practice of automatically treating all information in questionnaire responses as confidential … is inconsistent with statute, regulation, precedent, and common sense." *OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *3. It provides the best explanation of why mandamus relief is unwarranted. A few points, however, are worthy of highlight.

First, the Commission's petition rests on its belief that no limits constrain its redaction power. At the evidentiary hearing, the Commission explained that it redacts every word of a questionnaire response — even when the information is indisputably public. Hr'g Tr. at 47:2–25, Consol. Ct. No. 1:21-cv-00219, ECF No. 193. The Court asked the Commission if it would redact a company's business address even if that address is on the company's website. *Id.* at 35:19–36:2. The Commission said yes.[2] *Id.* at 36:3–4. It would not publicly "cite to that address [if it came] from the questionnaire." *Id.* The Court asked the

---

[2] Indeed, here the Commission seeks to redact information regarding the parties' retail sales locations — locations the parties advertise on their websites. *See OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *44–45 ("Simplot's retail locations are not speakeasies; they are open to the public and their location is broadcast for all to see.").

8

Commission if it would redact the name of the state where a corporation is headquartered even if that information was available by Google search. *Id.* at 36:8–19. The Commission said "yes[.]" *Id.* at 36:12–21. The Court asked the Commission if it would redact quotes from a *Wall Street Journal* article if they were mentioned in a questionnaire response. *Id.* at 43:13–44:3. The Commission said yes. *Id.* at 44:4–5, 46:12–13. It would treat the quotes from the news article as confidential and "would not cite to that information in our public opinions."[3] *Id.* at 44:4–5. And in this petition, the Commission seeks to redact information found in everything from securities filings provided to every stockholder to the companies' own public websites. *See OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *6; Order Ex. 1 at 1–12, Consol. Ct. No. 1:21-cv-00219, ECF No. 159. The Commission believes its questionnaires are black holes: Public information enters and is never seen again.

---

[3] The Commission is not kidding about its desire to redact information from newspaper articles. In the aforementioned *CVB* appeal, it seeks to keep information "secret" that appears in *USA Today*. *See CVB, Inc. v. United States*, 48 CIT __, 681 F. Supp. 3d 1314, 1320 (2024).

9

That black hole entraps even the power of judicial review. The Commission claims that no court — not even the Federal Circuit — can review these redactions. *See* ITC's Petition at 4 (arguing the Commission's redactions must "*be preserved in any subsequent court proceedings*") (emphasis added); Commission's Suppl. Br. at 9, Consol. Ct. No. 1:21-cv-00219, ECF No. 191 (arguing "Congress intended the confidential treatment of any business proprietary information treated as such before the agency to continue in subsequent proceedings …."). Anyone "revealing" this non-confidential confidential information could be charged with a crime, among other penalties. *See* Hr'g Tr. at 56:6–8, Consol. Ct. No. 1:21-cv-00219, ECF No. 193 (Mr. Bianchi: "I would be subject to potential criminal sanctions if I were to disclose that …."). The Federal Circuit's rules to the contrary are illegal. *Compare* Fed. Cir. R. 25.1(d)(1) (limiting parties' ability to designate information as confidential), *and* Practice Notes to Fed. Cir. R. 25.1 ("Counsel must be prepared to justify at oral argument any claim of confidentiality."), *with* ITC's Petition at 4 (arguing the Commission's redactions must "be preserved in any subsequent court proceedings").

Second, Congress never gave the Commission an unbounded, unreviewable redaction power. True, Congress directed the Commission to redact "information submitted to the [Commission] … which is designated as proprietary by the person submitting the information[.]" 19 U.S.C. § 1677f(b)(1)(A). But there are limits on the Commission's ability to make these redactions. *See OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *30–33 (citing 19 U.S.C. § 1677f(b)(1)(B)(i)–(ii)). To be treated as proprietary, information must be designated as proprietary "by the *person submitting the information*[.]" 19 U.S.C. § 1677f(b)(1)(A) (emphasis added). The Commission has no unilateral power to redact parties' information. *See id.* Parties requesting confidential treatment must submit either a "non-proprietary summary" of the information or "a statement [explaining] that the information is not susceptible to summary…." 19 U.S.C. § 1677f(b)(1)(B)(i)(I)–(II). The same statute also creates a mechanism to address "[u]nwarranted designations" of information as confidential. 19 U.S.C. § 1677f(b)(2). "Unwarranted designations" occur when information is "availab[le] from public sources," and the submitter cannot explain why "the [confidentiality] designation is warranted[.]" *Id.* This

11

statutory scheme does not permit the redaction of public information. *Compare* Hr'g Tr. at 43:13–46:13, Consol. Ct. No. 1:21-cv-00219, ECF No. 193 (Commission would redact quotations from *The Wall Street Journal*), *with* 19 U.S.C. § 1677f(b)(2) (stating that information that is "availab[le] from public sources" should not be redacted even if requested by the parties). Instead, it allows the Commission to redact information only (1) at the request of the submitting party after (2) receipt of the required certifications from that party and (3) ensuring no publicly available information is marked as confidential.

That same statute also imposes affirmative disclosure duties on the Commission. The Commission "*shall disclose* … any proprietary information received in the course of a proceeding if it is disclosed in a form which cannot be associated with, or otherwise be used to identify, operations of a particular person[.]" 19 U.S.C. § 1677f(a)(4), (a)(4)(A) (emphasis added). It also "*shall disclose* … any information submitted in connection with a proceeding which is not designated as proprietary by the person submitting it." *Id.* § 1677f(a)(4), (a)(4)(B) (emphasis added). These disclosure requirements apply to "information" not documents. *Id.* § 1677f(a)(4)(A)–(B). They leave no room for categorical, document-based

non-disclosure policies like those the Commission applies to questionnaire responses. "[T]he relevant statute and regulation apply to information, not specific documents … Public information is public regardless of the document in which it appears." *OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *24–25; *cf. Mudge Rose Guthrie Alexander & Ferdon v. U.S. Int'l Trade Comm'n*, 846 F.2d 1527, 1531–33 (D.C. Cir. 1988) (applying the predecessor version of the statute and holding the Commission cannot adopt "unsubstantiated" and "illogical" non-disclosure policies and must provide "specific reasons for withholding the data requested").

Congress empowered the federal courts to "examine, in camera, the confidential or privileged material" and to "disclose such material under such terms and conditions as [they] may order." 19 U.S.C. § 1516a(b)(2)(B). This statutory language — not one sentence from a five-hundred-page Senate report — governs.[4] Section 1516a(b)(2)(B) aligns

---

[4] Instead of grappling with the ordinary meaning of the statutory text, the Commission argues that one sentence from a Senate report can be read to narrow the Court's statutory power. *See* ITC's Petition at 11. The sentence cited by the Commission states: "Special provision would be made in [19 U.S.C. § 1516a(b)(2)(B)] for preserving the confidential or privileged status of any materials contained in this record, including, where the court determines it would be appropriate, the disclosure of the

13

with the "longstanding common law right of public access to judicial proceedings." *OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *35. It empowers the federal courts to make independent judgments about what information is truly confidential and what information should be disclosed to the public. *See id.* at *33–41 (interpreting this provision); *cf. Mudge Rose*, 846 F.2d at 1531–33 (exercising judicial review over the Commission's redactions). It also aligns with the Federal Circuit's own rules. *See* Practice Notes to Fed. Cir. R. 25.1(d) ("Counsel must be prepared to justify at oral argument any claim of confidentiality."); *In re Violation of Rule 28(d)*, 635 F.3d at 1360. The *OCP Confidentiality Decision* ordered the release of information that was "publicly available[,]" a "general characterization[,]" or "stale[.]" *OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *41. It came after notice to the parties

---

privileged or confidential material only under the terms of a protective order." S. Rep. No. 96-249, at 248 (1979). This sentence does nothing more than explain how one potential use of a court's Section 1516a(b)(2)(B) power is to disclose information under a protective order. Rather than strengthening the Commission's argument, this sentence emphasizes that it is the courts, and not the Commission, that determine the treatment of confidential information. *See OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *40 n.5.

14

and an opportunity for all to be heard. All the Commission's bluster cannot hide the lack of statutory support for its claim of unreviewable redaction authority.

Third, the Commission's regulations do not align with the power it claims. Those regulations mirror the text of the statute. *See id*. at \*30–33. They establish the "[p]rocedure for submitting business information in confidence." 19 C.F.R. § 201.6(b). The regulations require the party submitting the information to include: (1) a nonconfidential "written description of the … information," (2) a "justification for the request for its confidential treatment," and (3) a "*certification … that substantially identical information is not available to the public*[.]" *Id.* § 201.6(b)(3)(i)–(iii) (emphasis added). They also require parties to show "good cause" before the Commission will redact "[n]onnumerical characterizations of numerical confidential business information (e.g., discussion of trends) …." *Id.* § 201.6(a)(1). The Commission's practice of automatically treating questionnaire responses as confidential bypasses all these procedures. It even ignores the instructions found on the questionnaires themselves: "[R]esponse[s] to this questionnaire that reveal the individual operations of your firm will be treated as confidential by the

Commission *to the extent that such data are not otherwise available to the public….*" Blank U.S. Producers' Questionnaire at 3, J.A. at 20,833, Consol. Ct. No. 1:21-cv-00219, ECF No. 205 (emphasis added); *see also id.* ("[G]eneral characterizations of numerical business proprietary information (such as discussion of trends) will be treated as confidential business information only at the request of the submitter for good cause shown."). It is not "a clear abuse of discretion" to require an agency to follow its own regulations. *Cf. Cheney*, 542 U.S. at 380.

**\*\*\***

The Court's *OCP Confidentiality Decision* falls squarely within the judicial power to review redactions made by the Commission to ensure the Commission is not abusing its authority. *See* 19 U.S.C. § 1516a(b)(2)(B). Rather than comply with the clear requirements of the law and its own regulations, the Commission tries to circumvent normal appellate review by filing a petition to assert claims that belong to others. Statute has not empowered the Commission to create a modern memory hole. Because it is not a "judicial usurpation" to release information that is already public, the petition should be denied. *Compare Cheney*, 542 U.S. at 380 (requiring at minimum a "clear abuse of discretion" to issue

the writ), *with* 19 U.S.C. § 1677f(a)(4)(B) (Commission "shall disclose" information "not designated as proprietary by the person submitting it"), *and* Mosaic's Suppl. Br. at 1, Consol. Ct. No. 1:21-cv-00219, ECF No 195 (Mosaic "does not claim confidential treatment" for pieces of information the Commission seeks to redact). The Court thanks the Federal Circuit for the opportunity to file this response.

Respectfully submitted,

/s/ Stephen Alexander Vaden
Stephen Alexander Vaden,
Judge