# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

In re UNITED STATES,

*Petitioner.*

Appeal from the United States Court of International Trade in
No. 1:21-cv-00219-SAV, Judge Stephen A. Vaden

## REPLY IN SUPPORT OF
## PETITION FOR A WRIT OF MANDAMUS

ANDREA C. CASSON
Assistant General Counsel for
Litigation
Telephone (202) 205-3105

COURTNEY S. McNAMARA
ELIZABETH SPECK
Attorney-Advisors
Office of the General Counsel
U.S. International Trade
Commission
500 E Street SW
Washington, DC 20436
Telephone (202) 205-3095

Dated: April 29, 2025

## INTRODUCTION AND SUMMARY

In its Petition, the International Trade Commission seeks to preserve how it protects business proprietary information ("BPI") pending this Court's final decision in *In re United States*, No. 24-1566.[1]  On May 19, 2025, that appeal will be fully briefed.  Both that appeal and the Petition concern whether 19 U.S.C. § 1516a(b)(2)(B) obligates the Court of International Trade ("CIT") to preserve the status of BPI designated as such during Commission proceedings, absent the consent of the owner of that BPI to disclose it.

Despite the pending appeal, the same CIT judge issued the March Order (Appx1-50) in this case.  Applying similar reasoning, he concluded that the Commission's redactions, including its practice of treating questionnaire responses from market participants as confidential, violate the law, and ordered the Commission to publicly release information that it had treated as BPI.  More recently, shortly before filing his response to the Petition (ECF 7), the CIT issued its merits opinion ("April Opinion").  The Commission appreciates that the CIT issued the April Opinion  under seal, as that will avoid inadvertent disclosure of BPI.  But the instructions in that opinion further entrenched the CIT's reasoning by

---

[1] As explained in the Petition, that appeal arises from the CIT's release of BPI from the Commission's administrative record in *CVB, Inc. v. United States*, 675 F. Supp. 3d 1324 (Ct. Int'l Trade 2023) ("*CVB I*").  In *CVB, Inc. v. United States*, 681 F. Supp. 3d 1313 (Ct. Int'l Trade 2024) ("*CVB II*"), the CIT denied the parties' joint motion requesting redactions.

ordering the Commission in its remand to comply with the March Order and to "correct" the public record to "reveal the wrongfully redacted information." Appx79. Now the Commission has 90 days to complete a remand in which it must either release what it believes constitutes BPI or potentially be found in violation of a court order.

Extraordinary mandamus relief is necessary because the CIT abused its discretion in ordering the Commission to violate its statutory mandate to provide certain due process to submitters of BPI before withdrawing such designations. As a result, the CIT's orders upend Congress's carefully crafted, comprehensive statutory framework, the Commission's regulations and long-standing practices, and the reasonable expectations of participants that provide the information necessary for the Commission to perform its duties. Thus, without further action, the orders will irreparably harm the Commission's ability to perform its statutory functions, including beyond the immediate proceedings.

In its response, the CIT erroneously contends that the Commission lacks standing and that its redactions are unlawful. This Court has previously found standing under similar circumstances and granted an agency's mandamus petition to prevent the unlawful release of third-party information. *In re United States*, 669 F.3d 1333, 1340 (Fed. Cir. 2012). Nor is the Commission seeking mandamus to sidestep the appellate review process. Conversely, the Petition asks only that the

Court preserve the *status quo* of BPI protection. Indeed, the CIT's errors warrant the exercise of the Court's mandamus authority to allow the Commission to continue protecting information that its submitters have designated as BPI.

## ARGUMENT

### I. The Commission Possesses Standing To Protect Information Collected During Its Investigations

Contrary to the CIT's assertions, Resp. 3-7, the Commission's Petition demonstrates that it has a clear right to a writ to protect BPI that it is statutorily entrusted to safeguard, and that ordinary appellate channels are otherwise unavailable. Pet. 17-21.

First, this Court has recognized that when, as here, an agency is statutorily entrusted to collect sensitive information, it can seek mandamus to prevent that information's disclosure. In *In re United States*, 669 F.3d at 1340, a case discussed in the Petition but unaddressed in the CIT's response, this Court granted the government's petition for mandamus to prevent an agency from being required to disclose confidential taxpayer information in violation of a statute. Pet. 17-18. Similarly, here, the relevant statutory scheme makes the Commission responsible for protecting parties' confidential information. Pet. 8-13. It prohibits the Commission from disclosing that information publicly except in certain circumstances, such as when a party specifically consents to the disclosure. 19

U.S.C. § 1677f(b)(1)(A).  This is important in Commission proceedings because companies or individuals submitting questionnaire responses, such as purchasers of the subject product, may not be parties to the litigation proceeding, and therefore not in a position to defend the status of their BPI.

Second, and more generally, the Commission possesses standing under Article III of the Constitution.  To establish standing, the Commission must show that it has (1) suffered an injury; (2) that is fairly traceable to the challenged conduct; and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016); *Oman Fasteners, LLC v. United States*, 125 F.4th 1068, 1079 (Fed. Cir. 2025).

The CIT's orders have specifically and distinctly injured the Commission's ability to protect BPI and to carry out its work, which represent a direct injury to the agency for standing purposes.  *See In re United States*, 669 F.3d at 1336-37. Pursuant to 19 U.S.C. § 1677f(b)(1)(A), the Commission is charged with protecting the BPI that it gathers while executing its duties and cannot disclose such information without the submitter's consent except under an administrative protective order.  *In re United States*, 669 F.3d at 1336-37; *see generally Military-Veterans Advocacy v. VA*, 130 F. 4th 965, 970 (Fed. Cir. 2025) (finding that a veterans advocacy group possessed organizational standing to challenge an agency rule that posed a distinct injury to the organization).  The April Opinion, however,

4

in the Commission's view, ordered the Commission to violate these statutory obligations; it orders the Commission to conduct a remand within 90 days in which it must follow the CIT's March Order regarding the treatment of BPI and it must create a new version of the public record withdrawing previous BPI designations in accordance with the April Opinion. Being forced to comply with the CIT's orders will have real and harmful consequences for the Commission, as the order compels the agency to disclose information designated as BPI, contrary to its statutory obligations.

The Commission is also harmed because its investigations rely on individuals, companies, and firms cooperating to provide relevant BPI. Pet. 7, 18-19. The court-ordered release of BPI and amendments to the public record will have a chilling effect in the current remand proceedings because parties are likely to be less candid in their briefs and any questionnaire responses (or resist submitting questionnaire responses and decide not to submit briefs at all) knowing that they cannot rely on confidentiality protections. Pet. 18-19 (citing S. Rep. No. 100-71 at 113-14); *see also Akzo N.V. v. U.S. Int'l Trade Comm'n*, 808 F.2d 1471, 1483 (Fed. Cir. 1986) (recognizing that disclosure of information impairs the Commission's factfinding). In addition, the Commission will be harmed in future proceedings as the real or perceived inability of the Commission to protect BPI will deter future cooperation and participation, which is essential to the

Commission's ability to create as complete and accurate a record as possible under strict statutory deadlines.

The Commission's injury is also directly traceable to the CIT's orders, thereby satisfying the second prong required for constitutional standing. *Oman Fasteners*, 125 F.4th at 1079 (finding harm directly traceable to a CIT decision). In its March Order and April Opinion, the court ordered the Commission to violate its statutory obligations. Were it not for the CIT's April Opinion revoking BPI protections as part of the remand proceeding and ordering the modification of the public record in accordance with the March Order, the Commission would not deviate from its statutory obligations.

Further, if this Court either vacates or suspends the CIT's orders in this matter while it decides *In re United States*, No. 24-1566 (*CVB*), that will redress the injury, thereby satisfying the third prong for constitutional standing. That is, the Commission will be permitted to continue with its ordinary practice of protecting information that has been designated as BPI. *Oman Fasteners*, 125 F.4th at 1081 (addressing the third prong of Article III standing).

Nor is the Commission attempting to "short-circuit" the appellate review process, as the CIT incorrectly contends. Resp. 7. In fact, going through normal appellate channels is not an option. As explained in the Petition, in *CVB*, the CIT released BPI without notice or the parties' input and then refused to redact the

opinion, despite all parties jointly requesting the CIT to do so. Pet. 6-7 & 12-14. This placed the Commission in the unfortunate position of having to file an appeal after the CIT's release of the confidential information.

Here, the CIT's response to the Petition strongly suggests that but for the Commission's Petition, it would have released a public merits opinion without first ensuring that it did not contain information that the Commission and defendant-intervenors believe to constitute BPI. Resp. 5-6. Also, in its April Opinion, the CIT has ordered the Commission to comply with the unsolicited March Order when determining which information receives confidential treatment in any remand proceeding and to correct the public record to "reveal the wrongfully redacted information." Appx79. Consequently, if the Commission waits to go through the ordinary appellate channels, it will have already been required to release sensitive BPI that submitters had provided under an assurance of statutory confidentiality protections.

## II. The CIT Abused Its Discretion In Issuing Its March Order And In Amplifying Its Reasoning In Its April Opinion

### A. As in *CVB,* the CIT Erred in Concluding that the Commission Unlawfully Designated Individual Questionnaire Responses as BPI

As explained in the Commission's brief in the *CVB* appeal and in the Petition, the Commission lawfully treats market participants' responses to the mandatory Commission-issued questionnaires as BPI. Pet. 8-12. Thus, and as

explained further below, the CIT's conclusion that the Commission's practices are unlawful is erroneous.  Resp. 7-8.

Congress granted the Commission broad authority to gather the information necessary to perform its statutory functions and duties, including BPI.  19 U.S.C. § 1333.  Under this authority, the Commission obtains company-specific information from market participants that is essential to it performing its statutory functions in antidumping/countervailing duty investigations, including issuing questionnaires.

Congress also directed that confidential BPI "*shall not be disclosed*" unless it can be done so in a manner that does not reveal the individual operations of a firm, it is released under an administrative protective order (APO), or the Commission received the submitter's consent.  *See* 19 U.S.C. § 1677f(b)(1)(A) (emphasis added).  Thus, Congress recognized the significance of information that could be associated with or used to identify a particular firm's operations.[2]

---

[2] The Senate Finance Committee further expanded on the importance of confidential BPI to the Commission's investigations and the prohibition on the Commission revealing proprietary information of individual firms:

> {T}he bulk of the information collected by the ITC and on which it bases its decisions consists of confidential business information submitted by domestic producers, importers, and purchasers of the allegedly dumped or subsidized articles under investigation.  Only aggregate data that cannot reveal the proprietary information of

Consistent with this framework, the Commission promulgated rules defining the information that constitutes BPI and addressing the submission and protection of that information. See 19 C.F.R. §§ 201.6(a); 207.7.

The CIT wrongly asserts that the statute and regulations "leave no room for categorical, document-based non-disclosure policies." Resp. 12-13. In line with section 1677f and the first clause of 19 C.F.R. § 201.6(a), the Commission treats as BPI all information provided in questionnaires. Information in questionnaires can be "associated with, or otherwise be used to identify, operations of a particular person," 19 U.S.C. § 1677f(a)(4)(A), and constitutes "trade secrets, processes, operations, style of works, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, or amount or source of any income, profits, losses, or expenditures . . . ." 19 C.F.R. § 201.6(a)(1). The Commission properly treats questionnaire responses as BPI because they contain this information. Further, treating questionnaire responses as BPI in their entirety throughout Commission proceedings actually helps to promote transparency. When all questionnaire responses are BPI, the Commission can discuss more information publicly on an aggregate basis. Piecemeal or inconsistent redactions

individual companies are released to the parties and the public.

S. Rep. 100-71, at 112 (June 12, 1987).

across questionnaire responses increases the likelihood that information would reveal the operations of a single firm, preventing the Commission by statute from disclosing it. Thus, the Commission properly treats questionnaire responses as BPI. Further, section 1677f(b)(2) clarifies that "if" the Commission elects to assess the designation of proprietary information, it must follow the procedures set forth in the statute for dealing with an unwarranted designation.

Nor is the Commission's approach "inconsistent . . . with common sense." Resp. 8. Given the Commission's mandate to conduct thorough, fact-intensive investigations on extremely tight statutory deadlines, its approach is reasonable and supported by precedent. *See, e.g.*, *Atl. Sugar, Ltd v. United States*, 744 F.2d 1556, 1563 (Fed. Cir. 1984) (discussing "the compromise which the ITC must make between a perfectly accurate and an extremely rapid determination under this complex statute"). In fact, for more than 35 years, following the implementation of the statutory provisions for providing BPI to counsel under an APO, the CIT has worked with the Commission and other parties to provide transparent opinions while assuring that necessary redactions of BPI are maintained. The *amici* briefing from two trade bar associations in the *CVB* appeal confirms the widespread consensus among practitioners before the Commission that the Commission's approach to BPI is both lawful and necessary.

Equally unfounded is the CIT's assertion that questionnaire responses are "black holes" in which "{p}ublic information enters and is never seen again." Resp. 9.  As the Commission explained at the CIT's hearing, if information appears publicly elsewhere in the record, such as in the transcript to the public hearing or in publicly available information that Commission staff or parties place on the record, such information can be discussed publicly, even though it appears in a questionnaire.  Appx81-84.  More specifically, regarding the CIT's hypothetical involving a *Wall Street Journal* article, the Commission explained that, although in the context of a response in a company-specific questionnaire it would treat such reference as BPI, Commission staff, or any party for that matter, could put the article on the public record.  Appx81-84; Resp. 9; Pet. 12 (describing the process of developing the public record).  Parties or the Commission could then publicly discuss the article.  Accordingly, the Commission's practice is in accordance with the relevant statutes and regulations.

## B.    The Statute Requires the CIT to Preserve BPI Protection

The text of the statute makes clear that Congress intended the confidential treatment of any BPI treated as such before the agency to continue in subsequent judicial proceedings, and for courts to continue to protect information that was designated as BPI before the Commission.

Once the record is closed and the Commission has voted, the Commission cannot revisit whether BPI was properly designated. 19 C.F.R. § 207.30(b).[3] This is because the agency can no longer follow the statutorily mandated due process provisions for withdrawing BPI designation. Pursuant to section 1677f(b)(2), while the agency proceedings are pending and the record is open, the confidential nature of information submitted by a party may be challenged. If the Commission determines proprietary treatment is unwarranted, the Commission must return the information, and the party then has the option to submit other information regarding the same subject matter. 19 U.S.C. § 1677f(b)(2). After the record closes, however, the Commission is unable to comply with the due process set forth in the statute.

Consequently, for subsequent judicial proceedings, section 1516a(b)(2)(B) requires that:

> The confidential or privileged status accorded to any documents, comments, or information *shall be preserved* in any action {before the Court of International Trade} under this section. Notwithstanding the preceding sentence, the court may examine, in camera, the confidential or privileged material, and may disclose such material under such terms and conditions as it may order.

---

[3] Once the Commission has voted, the record cannot be changed because the Commission has already relied upon it to reach its decision.

28 U.S.C. § 1516a(b)(2)(B) (emphasis added). In other words, once the record closes, the statute instructs that BPI "shall be preserved" and neither the Commission nor the courts can modify the Commission's record.

The statute's plain language provides that a court may examine "confidential or privileged information," and it "may disclose such material," *i.e.*, material that is confidential or privileged, "under such terms and conditions as it may order," *i.e.*, a protective order. Legislative history confirms that the "terms and conditions" referenced in the second sentence are those of a protective order. *See* S. Rep. No. 96-249, at 248 (1979) (making clear that section (b)(2)(B) was intended to address the possibility of "disclosure of the privileged or confidential material only under the terms of a protective order"). But the submitter of any information designated as BPI before the Commission can always consent to the public disclosure of its own information. 19 U.S.C. § 1677f(b)(1)(A).

The Commission agrees that, ordinarily, there is a "common law right of public access to judicial proceedings." Resp. 13-14. But Congress may supersede the common law right of access by statute, and it has done so here.[4] The statutory

_____

[4] Prior to 1980, the only information that the Commission was required to make publicly available was non-confidential information to the extent required under the Freedom of Information Act ("FOIA"). S. Rep. No. 96-249, at 98-99 (1979). Congress developed the current regime to allow companies to more fully participate and exercise their rights in antidumping and countervailing duty proceedings. *Id.* at 99-100; *see also* H.R. Rep. No. 96-317, at 77 (1979); S. Rep. No. 100-71, at 111-12 (1987) (discussing the addition of statutory provisions that

13

language as well as the legislative history discussed above confirm that this was Congress's intent when it drafted this statute. *E.g.*, *Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 937 (D.C. Cir. 2003) (finding that a "carefully calibrated statutory scheme" . . . "preempts any preexisting common law right {of public access}"). Accordingly, the CIT erred when it concluded that it was not required to preserve the confidentiality of information treated as such at the Commission.

## C. The CIT Has Ordered the Commission to Violate the Law

As noted in the standing discussion above, the CIT's decision is based on an erroneous interpretation of the law that would require the Commission to violate its organic statute. This places the Commission in an untenable position because it cannot comply both with the statute and with the CIT's orders. For example, the

---

required the use of a protective order). In a case preceding the 1988 statutory amendment adding provisions for APO access to BPI, counsel sought access to such information through a FOIA request. *Mudge Rose Guthrie Alexander & Ferdon v. USITC*, 846 F.2d 1527 (D.C. Cir. 1988). The appellate court held that information that was proprietary pursuant to section 1677f satisfied the second prong of exemption three to FOIA because section 1677 "explicitly exempts from disclosure 'particular types of matters' – namely, matters designated as 'proprietary' that can be associated with or used to identify the operations of particular firms in the industry." *Id.* at 1530. While the court remanded the case to the district court, it was for further explanation from the Commission regarding the Commission's aggregation rules as they applied to three or more firms. *Id.* at 1531-32. To the best of the Commission's recollection and information, the Commission provided further explanation to the district court on remand, but the case was voluntarily dismissed before a ruling.

CIT has ordered the Commission to withdraw prior BPI designations, including that of company-specific questionnaires, the BPI designation of which it has found unlawful, and to reveal such information in a "corrected" public record. Appx79 To do so, in the Commission's view, requires the Commission to violate the law because the Commission cannot comply with the CIT's order without running afoul of section 1677f(b)(2).

## III.    The Commission Needs the Relief that It Seeks

Finally, in issuing its April Opinion, the CIT has magnified, rather than mitigated, the relief that the Commission seeks.

First, while the Commission appreciates that the CIT has avoided the inadvertent disclosure of BPI in the April Opinion by issuing the opinion under seal, , it is unclear whether, or how, the Commission can proceed with the remand proceedings as long as the Opinion remains sealed. Because the Opinion is sealed, the Commission cannot refer to its contents during the remand, and the parties to the litigation, as well as any non-party market participants, will have no knowledge of the reasons for the remand. In contrast, for decades, the CIT has provided the Commission and parties with a sealed opinion and the opportunity to provide comments regarding any bracketing necessary to preserve BPI, and thereafter issued a public opinion. When the Commission petitioned this Court to "retain the Commission's designation of information as {BPI}," its intent was not for the CIT

to seal the opinion in its entirety from the public.  Rather, the Commission merely sought for the CIT to follow the normal course and ultimately issue a public opinion that preserves, in the Commission's and parties' views, what was treated as BPI in Commission proceedings, unless the submitter consents to its release.  Pet. 1-2.  The CIT's belief that "its merits decision does not contain the purportedly confidential information at issue in the underlying confidentiality dispute," Resp. 6, is implicitly based on the CIT's views set forth in its March Order, with which the Commission does not agree, and which is the focus of the Petition.[5]  Therefore, the Commission requests that this Court direct the CIT to issue a public version of the April Opinion, and any subsequent order or opinion in the underlying proceedings, that includes any redactions proposed by the Commission and the parties to ensure no previously designated BPI is revealed, unless the release has the consent of the submitter.  Again, the Commission seeks only that the *status quo* of BPI protection be maintained in the proceedings before the CIT until such time as this Court issues a decision, either in this matter or in CVB, concerning those issues.

---

[5] The CIT's representation that the April Opinion does not contain BPI, if correct, would appear to undermine any claim that the Commission's process and designation of BPI hinders a court's ability to consider and issue an opinion.  Resp. 2.

Second, and more importantly, as discussed above, the Commission cannot comply with the CIT's orders to no longer preserve BPI status in further remand proceedings and to "correct the public version of the record," without running afoul of 19 U.S.C. § 1677f(b)(2). Accordingly, the Commission requests that this Court vacate, or at a minimum, suspend the Court's orders, until this Court issues a decision concerning those issues.

## CONCLUSION

For the foregoing reasons, the Court should issue a writ of mandamus (1) directing the CIT to retain, and allowing the Commission to retain, the Commission's designations of information as BPI in this case unless the submitting party consents to its disclosure and (2) suspending or vacating the CIT's March Order and the BPI-related instructions in its April Opinion.

Respectfully Submitted,

*/s/ Courtney S. McNamara*
Andrea C. Casson
Courtney S. McNamara
Elizabeth Speck
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3095
Andrea.Casson@usitc.gov
Courtney.Mcnamara@usitc.gov
Elizabeth.Speck@usitc.gov

*Counsel for Petitioner*

Dated:  April 29, 2025

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE, AND TYPE STYLE REQUIREMENTS**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Federal Circuit Rule 32(b)(3), I hereby certify that the attached Reply complies with the type-volume limitation and typeface requirements of Federal Rule of Appellate Procedure 32(a)(7) and Federal Circuit Rules 32(b)(1) and 32(b)(2). The Reply has been prepared in a proportionally-spaced typeface using Microsoft Office 365, in Times New Roman 14-point font. The brief contains a total of 3,863 words obtained from the word-count function of the word-processing system, including all footnotes and annotations.

*/s/ Courtney S. McNamara*
Courtney S. McNamara
Attorney Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3095
courtney.mcnamara@usitc.gov

*Counsel for Petitioner*

Dated: April 29, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2025, pursuant to Fed. R. App. P. 21 and

25, I caused true and correct copies of the foregoing **REPLY IN SUPPORT OF**

**PETITION FOR A WRIT OF MANDAMUS** to be served upon the following

parties via counsel by electronic mail to the following e-mail addresses:

*Counsel for Plaintiff OCP S.A.*
COVINGTON & BURLING LLP
Shara Louis Aranoff
(saranoff@cov.com)
James McCall Smith
(jmsmith@cov.com)
John Joseph Catalfamo
(jcatalfamo@cov.com)
Julia H. Shults (jshults@cov.com)
Paula M. Ortiz Cardona
(portizcardona@cov.com)
Sooan (Vivian) Choi
(vchoi@cov.com)

*Counsel for Consolidated Plaintiff
and Plaintiff-Intervenor EuroChem
North America Corp.*
SQUIRE PATTON BOGGS (US)
LLP
Jeremy William Dutra
(jeremy.dutra@squirepb.com)
Peter J. Koenig
(peter.koenig@squirepb.com)

*Counsel for Plaintiff-Intervenor Koch
Fertilizer, LLC*
ALSTON & BIRD, LLP
Kenneth George Weigel
(ken.weigel@alston.com)
Chunlian Yang
(lian.yang@alston.com)

*Counsel for Plaintiff-Intervenor
International Raw Materials Ltd.*
KELLEY DRYE & WARREN, LLP
Melissa Marie Brewer
(mbrewer@kelleydrye.com)
Paul Charles Rosenthal
(prosenthal@kelleydrye.com)

*Counsel for Defendant-Intervenor
J.R. Simplot Company*
KING & SPALDING, LLP
Stephen P. Vaughn
(svaughn@kslaw.com)
Neal Joseph Reynolds
(nreynolds@kslaw.com)
Patrick James McLain
(PMcLain@kslaw.com)

*Counsel for Plaintiff-Intervenor*
*PhosAgro PJSC*
HOGAN LOVELLS US LLP
Harold Deen Kaplan
(deen.kaplan@hoganlovells.com)
Jared Rankin Wessel
(jared.wessel@hoganlovells.com)
Jonathan Thomas Stoel
(jonathan.stoel@hoganlovells.com)
Maria Alejandra Arboleda Gonzalez
(maria.arboleda@hoganlovells.com)
Michael Grant Jacobson
(michael.jacobson@hoganlovells.com)
Nicolas R. Sparks
(nicolas.sparks@hoganlovells.com)

*Counsel for Defendant-Intervenor*
*The Mosaic Company*
WILMER, CUTLER, PICKERING,
HALE & DORR, LLP
Stephanie Ellen Hartmann
(stephanie.hartmann@wilmerhale.com)
Alexandra S. Maurer
(alex.maurer@wilmerhale.com)
David J. Ross
(david.ross@wilmerhale.com)


*Counsel for Amici Agricultural*
*Retailers Association, National Corn*
*Growers Association, National*
*Sorgham Producers, and American*
*Soybean Association*
TRADEWINS LLC
John Robert Magnus
(jmagnus@tradewinsllc.net)


*/s/ Courtney S. McNamara*
Courtney S. McNamara
Attorney Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3095
courtney.mcnamara@usitc.gov

**CERTIFICATE OF COMPLIANCE WITH RULE 21
REQUIREMENT TO PROVIDE NOTICE TO TRIAL JUDGE**

I hereby certify that on April 29, 2025, pursuant to Federal Circuit Rule 21, I

caused a true and correct electronic copy of the foregoing **REPLY IN SUPPORT**

**OF PETITION FOR A WRIT OF MANDAMUS** to be provided to United

States Court of International Trade Judge Steven A. Vaden, by electronic mail, as

follows:

> Jason Chien
> Case Manager
> United States Court of International Trade
> Phone: (212) 264-2063
> Email: Jason_chien@cit.uscourts.gov

*/s/ Courtney S. McNamara*
Courtney S. McNamara
Attorney Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3095
courtney.mcnamara@usitc.gov

# SUPPLEMENTAL ADDENDUM

# U.S. Court of International Trade
## LIVE Database (New York)
## CIT DOCKET FOR CASE #: 1:21-cv-00219-SAV

OCP S.A. v. United States
**Assigned to:** Stephen Alexander Vaden
**Lead Docket:**

| | |
|---|---|
| **Jurisdiction:** | **Date Filed:** 05/06/2021 |
| 28USC § 1581(c) Antidumping or Countervailing Duty Determination(s) | **Jury Demand:** No |

**Date Terminated:**

**Category:**
Final Affirmative Determinations: Investigations 19USC § 1516a(a)(2)(B)(i)

**Date Reopened:**

**Does this action raise an issue of constitutionality?:** N

**Agency:**
U.S. International Trade Commission

**Product Description:**
Phosphate Fertilizers

**Export Country:**
Morocco
Russia

| Date Filed | # | Docket Text |
|---|---|---|
| 05/06/2021 | 1 | Summons . Filed by Victor Duen-Li Ban of Covington & Burling LLP on behalf of OCP S.A.. (Ban, Victor) (Entered: 05/06/2021) |
| 05/06/2021 | 2 | Form 5 Information Statement . Filed by Victor Duen-Li Ban of Covington & Burling LLP on behalf of OCP S.A.. (Ban, Victor) (Entered: 05/06/2021) |
| 05/06/2021 | 3 | Form 13 Corporate Disclosure Statement . Filed by Victor Duen-Li Ban of Covington & Burling LLP on behalf of OCP S.A.. (Ban, Victor) (Entered: 05/06/2021) |
| 05/06/2021 | 4 | Form 11 Notice of Appearance *on behalf of Shara L. Aranoff, James M. Smith, Victor D. Ban, and Sooan (Vivian) Choi.* Filed by Victor Duen-Li Ban of Covington & Burling LLP on behalf of OCP S.A..(Ban, Victor) (Entered: 05/06/2021) |
| 05/06/2021 | 5 | Form 17 Business Proprietary Information Certification filed on behalf of Shara L. Aranoff, James M. Smith, Victor D. Ban, and Sooan (Vivian) Choi as Attorney/Consultant(s) . Filed by Victor Duen-Li Ban of Covington & Burling LLP on behalf of OCP S.A.. (Ban, Victor) (Entered: 05/06/2021) |

| 05/06/2021 | 6 | Certificate of service (related document(s) 3 , 2 , 4 , 1 , 5 ). Filed by Victor Duen-Li Ban of Covington & Burling LLP on behalf of OCP S.A.. (Ban, Victor) (Entered: 05/06/2021) |
|---|---|---|
| 05/07/2021 | 7 | Summons served by Clerk's Office upon Plaintiff and appropriate Government Agency/Agencies . (Benbow, Troy) (Entered: 05/07/2021) |
| 05/19/2021 | 8 | Form 11 Notice of Appearance . Filed by Andrea C. Casson of U.S. International Trade Commission on behalf of United States.(Casson, Andrea) (Entered: 05/19/2021) |
| 05/19/2021 | 9 | Form 11 Notice of Appearance . Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States.(McNamara, Courtney) (Entered: 05/19/2021) |
| 06/04/2021 | 10 | Complaint against United States. Administrative Record due by 7/14/2021. Filed by Victor Duen-Li Ban of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Certificate of Service)(Ban, Victor) (Entered: 06/04/2021) |
| 06/16/2021 | 11 | Order entered on 6/16/2021 assigning action to Judge Stephen Alexander Vaden. (Chien, Jason) (Entered: 06/16/2021) |
| 06/23/2021 | 12 | Consent Motion to Intervene as Plaintiff intervenor . Responses due by 7/14/2021. Filed by Nicholas R. Sparks of Hogan Lovells US LLP on behalf of PhosAgro PJSC.(Sparks, Nicholas) (Entered: 06/23/2021) |
| 06/23/2021 | 13 | Form 11 Notice of Appearance *of H. Deen Kaplan, Jonathan T. Stoel, Jared R. Wessel, Maria A. Arboleda, and Nicholas R. Sparks*. Filed by Nicholas R. Sparks of Hogan Lovells US LLP on behalf of PhosAgro PJSC.(Sparks, Nicholas) (Entered: 06/23/2021) |
| 06/23/2021 | 14 | Form 13 Corporate Disclosure Statement . Filed by Nicholas R. Sparks of Hogan Lovells US LLP on behalf of PhosAgro PJSC. (Sparks, Nicholas) (Entered: 06/23/2021) |
| 06/23/2021 | 15 | Form 17 Business Proprietary Information Certification filed on behalf of H. Deen Kaplan, Jonathan T. Stoel, Jared R. Wessel, Maria A. Arboleda, and Nicholas R. Sparks as Attorney/Consultant(s) . Filed by Nicholas R. Sparks of Hogan Lovells US LLP on behalf of PhosAgro PJSC. (Sparks, Nicholas) (Entered: 06/23/2021) |
| 06/25/2021 | 16 | Order entered on 6/25/2021 granting Consent Motion to intervene. ORDERED that the Motion is granted as of right, per 28 U.S.C. § 2631(j)(1)(B); ORDERED that PhosAgro is a party to this action as a Plaintiff-Intervenor; and ORDERED that, when the parties submit their proposed scheduling order, they should take steps to prevent the filing of duplicate arguments by the Plaintiffs. Should the Plaintiffs fail to take such steps, in the interest of the conservation of judicial resources, the Court reserves the right to unilaterally alter their proposed scheduling order to prevent the submission of largely duplicate briefing. (Related Doc # 12 ). (Chien, Jason) (Entered: 06/25/2021) |
| 06/25/2021 | 17 | Consent Motion to Intervene as Defendant intervenor *as a Matter of Right*. Responses due by 7/16/2021. Filed by Stephanie Ellen Hartmann of Wilmer Hale LLP on behalf of The Mosaic Company. (Attachments: # 1 Proposed Order)(Hartmann, Stephanie) (Entered: 06/25/2021) |
| 06/25/2021 | 18 | Consent Motion to Intervene as Plaintiff intervenor . Responses due by 7/16/2021. Filed by Melissa Marie Brewer of Kelley Drye & Warren, LLP on behalf of International Raw Materials Ltd..(Brewer, Melissa) Modified on 6/25/2021 (Chien, Jason). (Entered: 06/25/2021) |
| 06/25/2021 | 19 | Form 11 Notice of Appearance . Filed by Melissa Marie Brewer of Kelley Drye & Warren, LLP on behalf of International Raw Materials Ltd..(Brewer, Melissa) (Entered: 06/25/2021) |

| 06/25/2021 | 20 | Form 13 Corporate Disclosure Statement . Filed by Melissa Marie Brewer of Kelley Drye & Warren, LLP on behalf of International Raw Materials Ltd.. (Brewer, Melissa) (Entered: 06/25/2021) |
|---|---|---|
| 06/25/2021 | 21 | Form 17 Business Proprietary Information Certification filed on behalf of Melissa M. Brewer, Paul C. Rosenthal, Michael T. Kerwin as Attorney/Consultant(s) . Filed by Melissa Marie Brewer of Kelley Drye & Warren, LLP on behalf of International Raw Materials Ltd.. (Brewer, Melissa) (Entered: 06/25/2021) |
| 06/25/2021 | 22 | Form 11 Notice of Appearance . Filed by Stephanie Ellen Hartmann of Wilmer Hale LLP on behalf of The Mosaic Company.(Hartmann, Stephanie) (Entered: 06/25/2021) |
| 06/25/2021 | 23 | Form 13 Corporate Disclosure Statement . Filed by Stephanie Ellen Hartmann of Wilmer Hale LLP on behalf of The Mosaic Company. (Attachments: # 1 Annex to Form 13) (Hartmann, Stephanie) (Entered: 06/25/2021) |
| 06/25/2021 | 24 | Form 17 Business Proprietary Information Certification filed on behalf of Stephanie E. Hartmann as Attorney/Consultant(s) . Filed by Stephanie Ellen Hartmann of Wilmer Hale LLP on behalf of The Mosaic Company. (Hartmann, Stephanie) (Entered: 06/25/2021) |
| 06/25/2021 | 25 | Order entered on 6/25/2021 granting Consent Motion to intervene. ORDERED that the Motion is granted as of right, per 28 U.S.C. § 2631(j)(1)(B); ORDERED that Mosaic is a party to this action as a Defendant-Intervenor; and ORDERED that, when the parties submit their proposed scheduling order, they should take steps to prevent the filing of duplicate arguments by the Defendants. Should the Defendants fail to take such steps, in the interest of the conservation of judicial resources, the Court reserves the right to unilaterally alter their proposed scheduling order to prevent the submission of largely duplicate briefing. (Related Doc # 17 ). (Chien, Jason) (Entered: 06/25/2021) |
| 06/28/2021 | 26 | Form 17 Business Proprietary Information Certification filed on behalf of David J. Ross as Attorney/Consultant(s) . Filed by David J. Ross of Wilmer Cutler Pickering Hale and Dorr LLP on behalf of The Mosaic Company. (Ross, David) (Entered: 06/28/2021) |
| 06/28/2021 | 27 | Form 17 Business Proprietary Information Certification filed on behalf of Patrick J. McLain as Attorney/Consultant(s) . Filed by Patrick James McLain of Wilmer, Cutler, Pickering, Hale & Dorr, LLP on behalf of The Mosaic Company. (McLain, Patrick) (Entered: 06/28/2021) |
| 06/29/2021 | 28 | Consent Motion to Intervene as defendant intervenor . Filed by Daniel Lawrence Schneiderman of King & Spalding, LLP on behalf of J. R. Simplot Company. (Schneiderman, Daniel) Modified on 6/29/2021 (Chien, Jason). (Entered: 06/29/2021) |
| 06/29/2021 | 29 | Form 11 Notice of Appearance . Filed by Daniel Lawrence Schneiderman of King & Spalding, LLP on behalf of J. R. Simplot Company.(Schneiderman, Daniel) (Entered: 06/29/2021) |
| 06/29/2021 | 30 | Form 13 Corporate Disclosure Statement . Filed by Daniel Lawrence Schneiderman of King & Spalding, LLP on behalf of J. R. Simplot Company. (Schneiderman, Daniel) (Entered: 06/29/2021) |
| 06/29/2021 | 31 | Form 17 Business Proprietary Information Certification filed on behalf of Daniel L. Schneiderman, Jamieson L. Greer, Stephen P. Vaughn, Clinton R. Long, Mercedes C. Morno, Edmond A. O'Neill, Pamela Marcus as Attorney/Consultant(s) . Filed by Daniel Lawrence Schneiderman of King & Spalding, LLP on behalf of J. R. Simplot Company. (Schneiderman, Daniel) (Entered: 06/29/2021) |
| 07/02/2021 | 32 | Form 11 Notice of Appearance . Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company.(Greer, Jamieson) (Entered: 07/02/2021) |

| 07/02/2021 | 33 | Consent Motion to Intervene as Plaintiff intervenor . Responses due by 7/23/2021. Filed by Lucas A. Queiroz Pires of Alston & Bird, LLP on behalf of Koch Fertilizer, LLC. (Queiroz Pires, Lucas) (Entered: 07/02/2021) |
|---|---|---|
| 07/02/2021 | 34 | Form 11 Notice of Appearance *of Kenneth G. Weigel (Lead), Lian Yang, and Lucas Queiroz Pires*. Filed by Lucas A. Queiroz Pires of Alston & Bird, LLP on behalf of Koch Fertilizer, LLC.(Queiroz Pires, Lucas) (Entered: 07/02/2021) |
| 07/02/2021 | 35 | Form 13 Corporate Disclosure Statement . Filed by Lucas A. Queiroz Pires of Alston & Bird, LLP on behalf of Koch Fertilizer, LLC. (Queiroz Pires, Lucas) (Entered: 07/02/2021) |
| 07/02/2021 | 36 | Form 17 Business Proprietary Information Certification filed on behalf of Kenneth G. Weigel, Lian Yang, Lucas Queiroz Pires as Attorney/Consultant(s) . Filed by Lucas A. Queiroz Pires of Alston & Bird, LLP on behalf of Koch Fertilizer, LLC. (Queiroz Pires, Lucas) (Entered: 07/02/2021) |
| 07/02/2021 | 37 | Consent Motion to Intervene as plaintiff intervenor . Responses due by 7/23/2021. Filed by Jeremy William Dutra of Squire Patton Boggs (US) LLP on behalf of EuroChem North America Corporation.(Dutra, Jeremy) (Entered: 07/02/2021) |
| 07/02/2021 | 38 | Form 11 Notice of Appearance *by Peter Koenig and Jeremy W. Dutra*. Filed by Jeremy William Dutra of Squire Patton Boggs (US) LLP on behalf of EuroChem North America Corporation.(Dutra, Jeremy) (Entered: 07/02/2021) |
| 07/02/2021 | 39 | Form 13 Corporate Disclosure Statement . Filed by Jeremy William Dutra of Squire Patton Boggs (US) LLP on behalf of EuroChem North America Corporation. (Dutra, Jeremy) (Entered: 07/02/2021) |
| 07/02/2021 | 40 | Form 17 Business Proprietary Information Certification filed on behalf of Peter Koenig and Jeremy Dutra as Attorney/Consultant(s) . Filed by Jeremy William Dutra of Squire Patton Boggs (US) LLP on behalf of EuroChem North America Corporation. (Dutra, Jeremy) (Entered: 07/02/2021) |
| 07/02/2021 | 41 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Daniel L. Schneiderman*. Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) (Entered: 07/02/2021) |
| 07/06/2021 | 42 | Order entered on 7/6/2021 granting Consent Motions to Intervene. ORDERED that the Motions are granted as of right, per 28 U.S.C. § 2631(j)(1)(B); ORDERED that Raw Materials, Koch, and EuroChem are parties to this action as Plaintiff-Intervenors; ORDERED that Simplot is a party to this action as Defendant-Intervenor; and, ORDERED that, when the parties submit their proposed scheduling order, they should take steps to prevent the filing of duplicate arguments. Should the parties fail to take such steps, in the interest of the conservation of judicial resources, the Court reserves the right to unilaterally alter their proposed scheduling order to prevent the submission of largely duplicate briefing. Additionally, should the parties fail to reach an acceptable agreement, a mandatory status conference will be held the week of August 16, 2021, at the Court in New York. (Related Document #s 18 , 28 , 33 , 37 ). (Chien, Jason) (Entered: 07/06/2021) |
| 07/14/2021 | 43 | Public Administrative Record Index for U.S. International Trade Commission filed . Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Attachments: # 1 USITC Publication 5172)(McNamara, Courtney) (Entered: 07/14/2021) |
| 07/14/2021 | 44 | Confidential Administrative Record Index for U.S. International Trade Commission filed . Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf |

| | | |
|---|---|---|
| | | of United States. (Attachments: # 1 Confidential Views, # 2 Confidential Dissenting Views, # 3 Confidential Staff Report)(McNamara, Courtney) (Entered: 07/14/2021) |
| 08/13/2021 | 45 | Joint status report and proposed briefing schedule. Filed by Shara Louise Aranoff of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Proposed Order) (Aranoff, Shara) (Entered: 08/13/2021) |
| 08/16/2021 | 46 | Form 17 Business Proprietary Information Certification filed on behalf of Stephen P. Vaughn as Attorney/Consultant(s) . Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) (Entered: 08/16/2021) |
| 08/16/2021 | 47 | Form 11 Notice of Appearance . Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company.(Greer, Jamieson) (Entered: 08/16/2021) |
| 08/18/2021 | 48 | *Status Conference Re: Consolidation, Joint Status Report and Proposed Briefing Schedule via in-person and Webex is scheduled for Tuesday, August 24, 2021 at 2:30 p.m. in Courtroom 1.* (Chien, Jason) (Entered: 08/18/2021) |
| 08/24/2021 | 49 | Minute Order issued on 8/24/2021: IT IS ORDERED that: 1. The parties' agreed-upon request to consolidate cases as stated in the Joint Status Report and Proposed Briefing Schedule, ECF# 45, is Granted. It is ORDERED that OCP S.A. v. United States, Court No. 21-00219 and EuroChem North America Corporation v. United States, Court No. 21-00222 are consolidated into OCP S.A. et al v. United States et al, Consol. Court No. 21-00219; and it is ORDERED that the parties will file all pleadings, motions, or other papers in the lead case, OCP S.A., et al v. United States et al, Consol. Court No. 21-00219. 2. The parties shall file the proposed Scheduling Order by Friday, August 27, 2021, with the word limits and additional dates discussed at the Status Conference held on August 24, 2021. (Chien, Jason) (Entered: 08/24/2021) |
| 08/24/2021 | 50 | Status Conference held on 8/24/2021 at 2:30 P.M. in Courtroom 1 and Webex. *Minute Order issued (see ECF# 49) and Appearance Sheet attached.* (Chien, Jason) (Entered: 08/24/2021) |
| 08/27/2021 | 51 | Joint Letter *and Proposed Scheduling Order*. Filed by Shara Louise Aranoff of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Proposed Scheduling Order) (Aranoff, Shara) (Entered: 08/27/2021) |
| 08/30/2021 | 52 | Order entered on 8/30/2021, Scheduling Order: 1. Plaintiff OCP's Rule 56.2 Motion and Brief due by 10/15/2021. 2. Consolidated Plaintiff EuroChem's and Plaintiff Intervenors' Rule 56.2 Motions and Briefs due by 10/29/2021. 3. Rule 76 Motions and proposed briefs of Amicus Curiae in support of Plaintiffs due by 10/29/2021. 4. Defendant's Responsive Brief due by 1/27/2022. 5. Defendant-Intervenors' Responsive Briefs due by 2/10/2022. 6. Rule 76 Motions and proposed briefs of Amicus Curiae in support of Defendants due by 2/10/2022. 7. Plaintiff OCP's and Consolidated Plaintiff EuroChem's Reply Briefs due by 3/3/2022. 8. Joint Appendix due by 3/17/2022. 9. Motions for oral argument due by 3/24/2022. (Taronji, Steve) (Entered: 08/30/2021) |
| 09/10/2021 | 53 | Form 11 Notice of Appearance *of Caroline Garth and Kwan Woo (Kwan) Kim*. Filed by Shara Louise Aranoff of Covington & Burling LLP on behalf of OCP S.A..(Aranoff, Shara) (Entered: 09/10/2021) |
| 09/10/2021 | 54 | Form 17 Business Proprietary Information Certification filed on behalf of Caroline Garth, Kwan Woo (Kwan) Kim, James P. Dougan, and Cara Groden as Attorney/Consultant(s) . Filed by Shara Louise Aranoff of Covington & Burling LLP on behalf of OCP S.A.. (Aranoff, Shara) (Entered: 09/10/2021) |
| 10/15/2021 | 55 | Confidential Motion for judgment on agency record 56.2 and Supporting Memorandum of Law *(Bracketing Not Final)*. Defendant's Response to 56.2 Motion due by 1/27/2022. |

| | | |
|---|---|---|
| | | Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Filed by Shara Louise Aranoff of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Proposed Order)(Aranoff, Shara) Modified on 10/18/2021 (Chien, Jason). Modified on 10/19/2021 (Chien, Jason). (Entered: 10/15/2021) |
| 10/18/2021 | 56 | Confidential Motion for Judgment on Agency Record 56.2 and Supporting Memorandum of Law *(Bracketing Final)*. Defendant's Response to 56.2 Motion due by 1/27/2022. Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Filed by Shara Louise Aranoff of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Proposed Order)(Aranoff, Shara) Modified on 10/19/2021 (Chien, Jason). Modified on 9/19/2023 (Chien, Jason). (Entered: 10/18/2021) |
| 10/18/2021 | 57 | Public Motion for Judgment on Agency Record 56.2 and Supporting Memorandum of Law. Defendant's Response to 56.2 Motion due by 1/27/2022. Defendant-Intervenors' Responsive Briefs due by 2/10/2022.. Filed by Shara Louise Aranoff of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Proposed Order)(Aranoff, Shara) Modified on 10/19/2021 (Chien, Jason). Modified on 9/19/2023 (Chien, Jason). (Entered: 10/18/2021) |
| 10/19/2021 | 58 | Form 11 Notice of Appearance *of Cayla D. Ebert*. Filed by Cayla Danielle Ebert of Hogan Lovells US LLP on behalf of PhosAgro PJSC.(Ebert, Cayla) (Entered: 10/19/2021) |
| 10/19/2021 | 59 | Form 17 Business Proprietary Information Certification filed on behalf of Cayla D. Ebert as Attorney/Consultant(s) . Filed by Cayla Danielle Ebert of Hogan Lovells US LLP on behalf of PhosAgro PJSC. (Ebert, Cayla) (Entered: 10/19/2021) |
| 10/20/2021 | 60 | Form 11 Notice of Appearance *of Michael G. Jacobson*. Filed by Cayla Danielle Ebert of Hogan Lovells US LLP on behalf of PhosAgro PJSC.(Ebert, Cayla) (Entered: 10/20/2021) |
| 10/20/2021 | 61 | Form 17 Business Proprietary Information Certification filed on behalf of Michael G. Jacobson as Attorney/Consultant(s) . Filed by Cayla Danielle Ebert of Hogan Lovells US LLP on behalf of PhosAgro PJSC. (Ebert, Cayla) (Entered: 10/20/2021) |
| 10/29/2021 | 62 | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 64]** Motion for judgment on agency record 56.2 . Defendant's Responsive Brief due by 1/27/2022. Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Filed by Jeremy William Dutra of Squire Patton Boggs (US) LLP on behalf of EuroChem North America Corporation.(Dutra, Jeremy) Modified on 10/29/2021 (Chien, Jason). (Entered: 10/29/2021) |
| 10/29/2021 | 63 | Confidential Motion for judgment on agency record 56.2 and supporting memorandum of law *(Bracketing Not Final)*. Defendant's Responsive Brief due by 1/27/2022. Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Filed by Melissa Marie Brewer of Kelley Drye & Warren, LLP on behalf of International Raw Materials Ltd..(Brewer, Melissa) Modified on 10/29/2021 (Chien, Jason). Modified on 11/1/2021 (Chien, Jason). (Entered: 10/29/2021) |
| 10/29/2021 | 64 | Corrected Motion for judgment on agency record 56.2 . Defendant's Responsive Brief due by 1/27/2022. Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Filed by Jeremy William Dutra of Squire Patton Boggs (US) LLP on behalf of EuroChem North America Corporation.(Dutra, Jeremy) Modified on 10/29/2021 (Chien, Jason). Modified on 9/19/2023 (Chien, Jason). (Entered: 10/29/2021) |
| 10/29/2021 | 65 | Confidential Motion for judgment on agency record 56.2 . Defendant's Responsive Brief due by 1/27/2022. Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Filed by Cayla Danielle Ebert of Hogan Lovells US LLP on behalf of PhosAgro PJSC. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Brief Memo of Law in Support of Motion for Judgment on the Record, # 2 Proposed Order) (Ebert, Cayla) Modified on 10/29/2021 (Chien, Jason) Modified on 9/19/2023 (Chien, Jason). (Entered: 10/29/2021) |
| 10/29/2021 | 66 | Public Motion for judgment on agency record 56.2 . Defendant's Responsive Brief due by 1/27/2022. Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Filed by Cayla Danielle Ebert of Hogan Lovells US LLP on behalf of PhosAgro PJSC. (Attachments: # 1 Brief Memo of Law in Support of Motion for Judgment on the Record, # 2 Proposed Order) (Ebert, Cayla) Modified on 10/29/2021 (Chien, Jason) Modified on 9/19/2023 (Chien, Jason). (Entered: 10/29/2021) |
| 10/29/2021 | 67 | Form 11 Notice of Appearance . Filed by John Robert Magnus of Tradewins LLC on behalf of American Soybean Association, Agricultural Retailers Association, National Cotton Council of America, National Corn Growers Association, and National Sorghum Producers. (Magnus, John) Modified on 11/1/2021 (Chien, Jason). (Entered: 10/29/2021) |
| 10/29/2021 | 68 | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 74]** Motion to appear as amicus curiae . Responses due by 11/19/2021. Filed by Agricultural Retailers Association, Agricultural Soybean Association, National Corn Growers Association, National Cotton Council of America, National Sorghum Producers Agricultural Retailers Association, Agricultural Soybean Association, National Corn Growers Association, National Cotton Council of America, National Sorghum Producers.(Magnus, John) Modified on 10/29/2021 (Chien, Jason). (Entered: 10/29/2021) |
| 10/29/2021 | 69 | Form 13 Corporate Disclosure Statement . Filed by John Robert Magnus of Tradewins LLC on behalf of Agricultural Retailers Association. (Magnus, John) Modified on 11/1/2021 (Chien, Jason). (Entered: 10/29/2021) |
| 10/29/2021 | 70 | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 78]** Form 13 Corporate Disclosure Statement . Filed by John Robert Magnus of Tradewins LLC on behalf of American Soybean Association. (Magnus, John) Modified on 11/1/2021 (Chien, Jason). (Entered: 10/29/2021) |
| 10/29/2021 | 71 | Form 13 Corporate Disclosure Statement . Filed by John Robert Magnus of Tradewins LLC on behalf of National Corn Growers Association. (Magnus, John) Modified on 11/1/2021 (Chien, Jason). (Entered: 10/29/2021) |
| 10/29/2021 | 72 | Form 13 Corporate Disclosure Statement . Filed by John Robert Magnus of Tradewins LLC on behalf of National Cotton Council of America. (Magnus, John) Modified on 11/1/2021 (Chien, Jason). (Entered: 10/29/2021) |
| 10/29/2021 | 73 | Form 13 Corporate Disclosure Statement . Filed by John Robert Magnus of Tradewins LLC on behalf of National Sorghum Producers. (Magnus, John) Modified on 11/1/2021 (Chien, Jason). (Entered: 10/29/2021) |
| 10/29/2021 | 74 | Motion to appear as amicus curiae . Responses due by 11/19/2021. Filed by John Robert Magnus of Tradewins LLC on behalf of American Soybean Association, Agricultural Retailers Association, National Cotton Council of America, National Corn Growers Association, and National Sorghum Producers. (Attachments: # 1 Brief conditionally filed brief)(Magnus, John) Modified on 11/1/2021 (Chien, Jason). (Entered: 10/29/2021) |
| 10/29/2021 | 75 | Motion for judgment on agency record 56.2 . Defendant's Responsive Brief due by 1/27/2022. Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Filed by Lucas A. Queiroz Pires of Alston & Bird, LLP on behalf of Koch Fertilizer, LLC.(Queiroz Pires, Lucas) Modified on 10/29/2021 (Chien, Jason). Modified on 9/19/2023 (Chien, Jason). (Entered: 10/29/2021) |

| 11/01/2021 | 76 | Confidential Motion for judgment on agency record 56.2 and supporting memorandum of law *(Bracketing Final)*. Defendant's Responsive Brief due by 1/27/2022. Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Filed by Melissa Marie Brewer of Kelley Drye & Warren, LLP on behalf of International Raw Materials Ltd..(Brewer, Melissa) Modified Modified on 11/1/2021 (Chien, Jason). Modified on 9/19/2023 (Chien, Jason). (Entered: 11/01/2021) |
|---|---|---|
| 11/01/2021 | 77 | Public Motion for judgment on agency record 56.2 *and supporting memorandum of law*. Defendant's Responsive Brief due by 1/27/2022. Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Filed by Melissa Marie Brewer of Kelley Drye & Warren, LLP on behalf of International Raw Materials Ltd..(Brewer, Melissa) Modified on 11/1/2021 (Chien, Jason). Modified on 9/19/2023 (Chien, Jason). (Entered: 11/01/2021) |
| 11/01/2021 | 78 | Amended Form 13 Corporate Disclosure Statement . Filed by John Robert Magnus of Tradewins LLC on behalf of American Soybean Association. (Magnus, John) Modified on 11/1/2021 (Chien, Jason). (Entered: 11/01/2021) |
| 11/01/2021 | 79 | Confidential Form 13 Corporate Disclosure Statement . Filed by John Robert Magnus of Tradewins LLC on behalf of National Cotton Council of America. (Magnus, John) Modified on 11/1/2021 (Chien, Jason). (Entered: 11/01/2021) |
| 11/18/2021 | 80 | Response *in opposition* to motion *to appear as amici curiae* (related document(s) 74 ). Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Attachments: # 1 Proposed Order)(McNamara, Courtney) (Entered: 11/18/2021) |
| 11/19/2021 | 81 | Form 11 Notice of Appearance *on behalf of Clinton R. Long*. Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company.(Greer, Jamieson) (Entered: 11/19/2021) |
| 11/19/2021 | 82 | Response *in opposition* to motion *to appear as amici curiae and to file an amicus brief* (related document(s) 74 ). Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company.(Greer, Jamieson) (Entered: 11/19/2021) |
| 11/19/2021 | 83 | Response *in opposition* to motion *to appear jointly as amicus curiae and to file an amicus brief* (related document(s) 74 ). Filed by Patrick James McLain of Wilmer, Cutler, Pickering, Hale & Dorr, LLP on behalf of The Mosaic Company.(McLain, Patrick) (Entered: 11/19/2021) |
| 11/22/2021 | 84 | Order entered on 11/22/2021 granting Motion to appear as *amicus curiae*. The American Soybean Association, National Corn Growers Association, National Cotton Council of America, National Sorghum Producers, and Agricultural Retailers Association have moved for Leave to File an *Amicus Curiae* Brief in Support of Plaintiffs. ECF No. 74. The Government and Defendant-Intervenors J.R. Simplot Company and The Mosaic Company have filed responses in opposition. ECF Nos. 80, 82-83. Their arguments can be grouped into two general arguments in the alternative: Either the proposed amici merely parrot the arguments of the Plaintiffs and therefore the proposed brief is repetitive, or the proposed amici lack access to the necessary confidential business information that is part of the record and their arguments are misinformed or otherwise improper for the Court's consideration. See, e.g., Defendant-Intervenor's Response Brief in Opposition at 3-5, ECF No. 82; Defendant's Response Brief in Opposition at 4-6, ECF No. 80. Although there is a plethora of Plaintiffs in this action, those corporate Plaintiffs represent exporters or importers of fertilizer. Proposed amici represent the actual users of that fertilizer, the farmers, i.e., those who will ultimately pay the price of the tariffs imposed. To suggest that the interests of a farmer who tills a couple thousand acres of farmland are in all respects represented by multinational corporations is to ignore economies of scale. The Court finds it useful to consider amici's arguments and citations to record evidence as |

| | | |
|---|---|---|
| | | it weighs the arguments of the corporations currently litigating before it. Because this Court is limited in its review to matters found within the administrative record, any reference to non-record evidence or arguments will be ignored. Under these premises, it hereby: ORDERED that Motion be, and hereby is, GRANTED; it is further ORDERED that the *amici curiae* brief submitted conditionally by the moving parties is ACCEPTED for filing; and it is further ORDERED that the moving parties may appear jointly as *amici curiae*. The Government and Defendant-Intervenors may respond to any and all arguments made by amici in their response briefs due on January 27, 2022, and February 10, 2022, respectively. (Related Doc # 74 ). (Chien, Jason) (Entered: 11/22/2021) |
| 11/22/2021 | 85 | *Amicus Curiae Brief deemed filed.* (related document(s) 74 , 84 ). Filed by John Robert Magnus of Tradewins LLC on behalf of Agricultural Retailers Association, American Soybean Association, National Corn Growers Association, National Cotton Council of America, National Sorghum Producers. (Chien, Jason) (Entered: 11/22/2021) |
| 12/20/2021 | 86 | Form 11 Notice of Appearance . Filed by Jeffrey Ian Kessler of Wilmer, Cutler, Pickering, Hale & Dorr, LLP on behalf of The Mosaic Company.(Kessler, Jeffrey) (Entered: 12/20/2021) |
| 12/20/2021 | 87 | Form 17 Business Proprietary Information Certification filed on behalf of Jeffrey I. Kessler as Attorney/Consultant(s) . Filed by Jeffrey Ian Kessler of Wilmer, Cutler, Pickering, Hale & Dorr, LLP on behalf of The Mosaic Company. (Kessler, Jeffrey) (Entered: 12/20/2021) |
| 01/25/2022 | 88 | Form 11 Notice of Appearance . Filed by Jason Miller of U.S. International Trade Commission on behalf of United States.(Miller, Jason) (Entered: 01/25/2022) |
| 01/27/2022 | 89 | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 92]** Confidential Response *in opposition* to motion *for judgment upon the agency record* (related document(s) 57 , 65 , 77 , 63 , 64 , 66 , 56 , 75 , 76 ). Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Rule 76 Motions and proposed briefs of Amicus Curiae in support of Defendants due by 2/10/2022. Plaintiff OCP's and Consolidated Plaintiff EuroChem's Reply Briefs due by 3/3/2022. Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States.(McNamara, Courtney) Modified on 1/28/2022 (Chien, Jason). Modified on 1/31/2022 (Chien, Jason). (Entered: 01/27/2022) |
| 01/28/2022 | 90 | Form 11 Notice of Appearance . Filed by Alexandra S. Maurer of Wilmer Cutler Pickering Hale and Dorr LLP on behalf of The Mosaic Company.(Maurer, Alexandra) (Entered: 01/28/2022) |
| 01/28/2022 | 91 | Form 17 Business Proprietary Information Certification filed on behalf of Alexandra S. Maurer as Attorney/Consultant(s) . Filed by Alexandra S. Maurer of Wilmer Cutler Pickering Hale and Dorr LLP on behalf of The Mosaic Company. (Maurer, Alexandra) (Entered: 01/28/2022) |
| 01/28/2022 | 92 | *Corrected Confidential Response in opposition* to motion *for judgment upon the agency record to Indicate that Bracketing Not Final* (related document(s) 57 , 74 , 65 , 77 , 63 , 64 , 66 , 56 , 75 , 76 ). Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Rule 76 Motions and proposed briefs of Amicus Curiae in support of Defendants due by 2/10/2022. Plaintiff OCP's and Consolidated Plaintiff EuroChem's Reply Briefs due by 3/3/2022. Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States.(McNamara, Courtney) Modified on 1/31/2022 (Chien, Jason). (Entered: 01/28/2022) |
| 01/28/2022 | 93 | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 102]** Confidential Response *in opposition* to motion *for judgment upon the agency record (Bracketing Final)* (related document(s) 57 , 74 , 65 , |

| | | |
|---|---|---|
| | | <u>77</u> , <u>64</u> , <u>66</u> , <u>56</u> , <u>75</u> , <u>76</u> ). Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Rule 76 Motions and proposed briefs of Amicus Curiae in support of Defendants due by 2/10/2022. Plaintiff OCP's and Consolidated Plaintiff EuroChem's Reply Briefs due by 3/3/2022. Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States.(McNamara, Courtney) Modified on 1/31/2022 (Chien, Jason). Modified on 2/28/2022 (Chien, Jason). (Entered: 01/28/2022) |
| 01/28/2022 | <u>94</u> | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 103]** Public Response *in opposition* to motion *for judgment upon the agency record* (related document(s) <u>57</u> , <u>65</u> , <u>77</u> , <u>64</u> , <u>66</u> , <u>56</u> , <u>75</u> , <u>76</u> ). Defendant-Intervenors' Responsive Briefs due by 2/10/2022. Rule 76 Motions and proposed briefs of Amicus Curiae in support of Defendants due by 2/10/2022. Plaintiff OCP's and Consolidated Plaintiff EuroChem's Reply Briefs due by 3/3/2022. Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States.(McNamara, Courtney) Modified on 1/31/2022 (Chien, Jason). Modified on 2/28/2022 (Chien, Jason). (Entered: 01/28/2022) |
| 02/01/2022 | <u>95</u> | Notice of withdrawal as attorney of record filed . Filed by Eliot Kim of Wilmer Cutler Pickering Hale and Dorr LLP on behalf of The Mosaic Company.(Kim, Eliot) (Entered: 02/01/2022) |
| 02/01/2022 | <u>96</u> | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *The Mosaic Company*. Filed by Eliot Kim of Wilmer Cutler Pickering Hale and Dorr LLP on behalf of The Mosaic Company (Kim, Eliot) (Entered: 02/01/2022) |
| 02/10/2022 | <u>97</u> | Confidential Response *in opposition* to motion *for judgment upon the agency record* (related document(s) <u>56</u> ). Plaintiff OCP's and Consolidated Plaintiff EuroChem's Reply Briefs due by 3/3/2022. Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company.(Greer, Jamieson) Modified on 2/10/2022 (Chien, Jason). (Entered: 02/10/2022) |
| 02/10/2022 | <u>98</u> | Public Response *in opposition* to motion *for judgment upon the agency record* (related document(s) <u>56</u> ). Plaintiff OCP's and Consolidated Plaintiff EuroChem's Reply Briefs due by 3/3/2022. Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company.(Greer, Jamieson) Modified on 2/10/2022 (Chien, Jason). (Entered: 02/10/2022) |
| 02/10/2022 | <u>99</u> | Confidential Response *in opposition to motion for judgment on the agency record (Bracketing Not Final)* (related document(s) <u>57</u> , <u>74</u> , <u>65</u> , <u>77</u> , <u>63</u> , <u>64</u> , <u>55</u> , <u>66</u> , <u>56</u> , <u>75</u> , <u>76</u> ). Plaintiff OCP's and Consolidated Plaintiff EuroChem's Reply Briefs due by 3/3/2022. Filed by Patrick James McLain of Wilmer, Cutler, Pickering, Hale & Dorr, LLP on behalf of The Mosaic Company.(McLain, Patrick) Modified on 2/11/2022 (Chien, Jason). (Entered: 02/10/2022) |
| 02/11/2022 | <u>100</u> | Confidential Response *in opposition to* to motion *for judgment on the agency record (Final Bracketing)* (related document(s) <u>57</u> , <u>74</u> , <u>65</u> , <u>77</u> , <u>63</u> , <u>64</u> , <u>55</u> , <u>66</u> , <u>56</u> , <u>75</u> , <u>76</u> ). Plaintiff OCP's and Consolidated Plaintiff EuroChem's Reply Briefs due by 3/3/2022. Filed by Patrick James McLain of Wilmer, Cutler, Pickering, Hale & Dorr, LLP on behalf of The Mosaic Company.(McLain, Patrick) Modified on 2/11/2022 (Chien, Jason). (Entered: 02/11/2022) |
| 02/11/2022 | <u>101</u> | Public Response *in opposition to* to motion *for judgment on the agency record* (related document(s) <u>57</u> , <u>74</u> , <u>65</u> , <u>77</u> , <u>63</u> , <u>64</u> , <u>55</u> , <u>66</u> , <u>56</u> , <u>75</u> , <u>76</u> ). Plaintiff OCP's and Consolidated Plaintiff EuroChem's Reply Briefs due by 3/3/2022. Filed by Patrick James McLain of Wilmer, Cutler, Pickering, Hale & Dorr, LLP on behalf of The Mosaic Company.(McLain, Patrick) Modified on 2/11/2022 (Chien, Jason). (Entered: 02/11/2022) |

| | | |
|---|---|---|
| 02/25/2022 | 102 | Confidential Letter *with corrected confidential brief*. Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Attachments: # 1 Brief (corrected confidential brief))(McNamara, Courtney) (Entered: 02/25/2022) |
| 02/25/2022 | 103 | Letter *with corrected public brief*. Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Attachments: # 1 Brief (corrected public brief))(McNamara, Courtney) (Entered: 02/25/2022) |
| 03/03/2022 | 104 | Confidential Reply *Brief in Support of Motion for Judgment on the Agency Record (Bracketing Not Final)* (related document(s) 100 , 93 , 97 ). Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A..(Choi, Sooan (Vivian)) Modified on 3/3/2022 (Chien, Jason). (Entered: 03/03/2022) |
| 03/04/2022 | 105 | Confidential Reply *Brief in Support of Motion for Judgment on the Agency Record (Final Bracketing)* (related document(s) 100 , 93 , 97 ). Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A..(Choi, Sooan (Vivian)) (Entered: 03/04/2022) |
| 03/04/2022 | 106 | Public Reply *Brief in Support of Motion for Judgment on the Agency Record* (related document(s) 94 , 98 , 101 ). Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A..(Choi, Sooan (Vivian)) (Entered: 03/04/2022) |
| 03/17/2022 | 107 | Confidential Joint Appendix . Filed by Kwan Woo Kim of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Table of Contents, Vol 01 APPX0080000-80406, # 2 Appendix Vol 02 APPX0080407-80940, # 3 Appendix Vol 03 APPX0080941-81668, # 4 Appendix Vol 04 APPX0081669-82127, # 5 Appendix Vol 05 APPX0085009-85889, # 6 Appendix Vol 06 APPX0085890-88878, # 7 Appendix Vol 07 APPX0089645-90362, # 8 Appendix Vol 08 APPX0090363-90495, # 9 Appendix Vol 09 APPX0090496-91155, # 10 Appendix Vol 10 APPX0091156-91533, # 11 Appendix Vol 11 APPX0091534-91535, # 12 Appendix Vol 12 APPX0091536-91719, # 13 Appendix Vol 13 APPX0091720-91809, # 14 Appendix Vol 14 APPX0091810-92064, # 15 Appendix Vol 15 APPX0092065-93581, # 16 Appendix Vol 16 APPX0093582-94430, # 17 Appendix Vol 17 APPX0094431-95285, # 18 Appendix Vol 18 APPX0095419-96138, # 19 Appendix Vol 19 APPX0096139-96212, # 20 Appendix Vol 20 APPX0096232-96310, # 21 Appendix Vol 21 APPX0096960-97109, # 22 Appendix Vol 22 APPX0097110-97145, # 23 Appendix Vol 23 APPX0097146-97596, # 24 Appendix Vol 24 APPX0097667-98202, # 25 Appendix Vol 25 APPX0098203-99666)(Kim, Kwan Woo) (Entered: 03/17/2022) |
| 03/17/2022 | 108 | Joint Appendix *Public*. Filed by Kwan Woo Kim of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Table of Contents, Vol 01 APPX0001000-1210, # 2 Appendix Vol 02 APPX0001211-1360, # 3 Appendix Vol 03 APPX0001361-1537, # 4 Appendix Vol 04 APPX0001538-1658, # 5 Appendix Vol 05 APPX0001659-1815, # 6 Appendix Vol 06 APPX0001816-1957, # 7 Appendix Vol 07 APPX0001958-2120, # 8 Appendix Vol 08 APPX0002121-2258, # 9 Appendix Vol 09 APPX0002259-2367, # 10 Appendix Vol 10 APPX0002368-2459)(Kim, Kwan Woo) (Entered: 03/17/2022) |
| 03/17/2022 | 109 | Joint Appendix *Public, Volumes 11-20*. Filed by Kwan Woo Kim of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Vol 11 APPX0002460-2592, # 2 Appendix Vol 12 APPX0002593-2707, # 3 Appendix Vol 13 APPX0002708-3702, # 4 Appendix Vol 14 APPX0005983-6144, # 5 Appendix Vol 15 APPX0006145-6239, # 6 Appendix Vol 16 APPX0006240-6311, # 7 Appendix Vol 17 APPX0006312-6446, # 8 Appendix Vol 18 APPX0006447-6568, # 9 Appendix Vol 19 APPX0006569-6672, # 10 Appendix Vol 20 APPX0006673-6746)(Kim, Kwan Woo) (Entered: 03/17/2022) |

| | | |
|---|---|---|
| 03/17/2022 | 110 | Joint Appendix *Public, Volumes 21-30*. Filed by Kwan Woo Kim of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Vol 21 APPX0006747-6861, # 2 Appendix Vol 22 APPX0006862-8365, # 3 Appendix Vol 23 APPX0008384-8809, # 4 Appendix Vol 24 APPX0008810-9911, # 5 Appendix Vol 25 APPX0009915-10080, # 6 Appendix Vol 26 APPX0010081-10158, # 7 Appendix Vol 27 APPX0010159-10460, # 8 Appendix Vol 28 APPX0010461-10614, # 9 Appendix Vol 29 APPX0010615-10705, # 10 Appendix Vol 30 APPX0010706-10788)(Kim, Kwan Woo) (Entered: 03/17/2022) |
| 03/17/2022 | 111 | Joint Appendix *Public, Volumes 31-40*. Filed by Kwan Woo Kim of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Vol 31 APPX0010789-10948, # 2 Appendix Vol 32 APPX0010949-11098, # 3 Appendix Vol 33 APPX0011099-11192, # 4 Appendix Vol 34 APPX0011193-11259, # 5 Appendix Vol 35 APPX0011260-11360, # 6 Appendix Vol 36 APPX0011361-11515, # 7 Appendix Vol 37 APPX0011516-11692, # 8 Appendix Vol 38 APPX0011693-11838, # 9 Appendix Vol 39 APPX0011901-12012, # 10 Appendix Vol 40 APPX0012013-12315)(Kim, Kwan Woo) (Entered: 03/17/2022) |
| 03/17/2022 | 112 | Joint Appendix *Public, Volumes 41-50*. Filed by Kwan Woo Kim of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Vol 41 APPX0012316-12383, # 2 Appendix Vol 42 APPX0012384-12460, # 3 Appendix Vol 43 APPX0012461-12528, # 4 Appendix Vol 44 APPX0012529-12596, # 5 Appendix Vol 45 APPX0012597-12697, # 6 Appendix Vol 46 APPX0012698-12801, # 7 Appendix Vol 47 APPX0012802-12916, # 8 Appendix Vol 48 APPX0012917-13021, # 9 Appendix Vol 49 APPX0013022-13112, # 10 Appendix Vol 50 APPX0013113-13194)(Kim, Kwan Woo) (Entered: 03/17/2022) |
| 03/17/2022 | 113 | Joint Appendix *Public, Volumes 51-60*. Filed by Kwan Woo Kim of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Vol 51 APPX0013195-13273, # 2 Appendix Vol 52 APPX0013274-13373, # 3 Appendix Vol 53 APPX0013374-13482, # 4 Appendix Vol 54 APPX0013483-13550, # 5 Appendix Vol 55 APPX0013551-13641, # 6 Appendix Vol 56 APPX0013642-13809, # 7 Appendix Vol 57 APPX0013810-13953, # 8 Appendix Vol 58 APPX0013954-14049, # 9 Appendix Vol 59 APPX0014050-14151, # 10 Appendix Vol 60 APPX0014152-14249)(Kim, Kwan Woo) (Entered: 03/17/2022) |
| 03/17/2022 | 114 | Joint Appendix *Public, Volumes 61-65*. Filed by Kwan Woo Kim of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Vol 61 APPX0014250-14328, # 2 Appendix Vol 62 APPX0014329-14417, # 3 Appendix Vol 63 APPX0014418-14506, # 4 Appendix Vol 64 APPX0014507-14578, # 5 Appendix Vol 65 APPX0014579-14667)(Kim, Kwan Woo) (Entered: 03/17/2022) |
| 03/17/2022 | 115 | Joint Appendix *Public, Volumes 66-70*. Filed by Kwan Woo Kim of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Vol 66 APPX0014668-14775, # 2 Appendix Vol 67 APPX0014776-14880, # 3 Appendix Vol 68 APPX0014881-14981, # 4 Appendix Vol 69 APPX0014982-15026, # 5 Appendix Vol 70 APPX0015027-16163)(Kim, Kwan Woo) (Entered: 03/17/2022) |
| 03/17/2022 | 116 | Joint Appendix *Public, Volumes 71-82*. Filed by Kwan Woo Kim of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Vol 71 APPX0016164-16456, # 2 Appendix Vol 72 APPX0016457-16679, # 3 Appendix Vol 73 APPX0016680-16755, # 4 Appendix Vol 74 APPX0016756-16975, # 5 Appendix Vol 75 APPX0016976-17090, # 6 Appendix Vol 76 APPX0017091-17291, # 7 Appendix Vol 77 APPX0017292-17804, # 8 Appendix Vol 78 APPX0018444-18510, # 9 Appendix Vol 79 APPX0018511-18576, # 10 Appendix Vol 80 APPX0018577-20223, # 11 Appendix Vol 81 APPX0020294-20556, # 12 Appendix Vol 82 APPX0020557-20820)(Kim, Kwan Woo) (Entered: 03/17/2022) |
| 03/24/2022 | 117 | Consent Motion for oral argument on Rule 56.2 Motion for Judgment on the Agency Record . Responses due by 4/14/2022. Filed by Sooan (Vivian) Choi of Covington & |

| | | |
|---|---|---|
| | | Burling LLP on behalf of OCP S.A..(Choi, Sooan (Vivian)) Modified on 3/24/2022 (Chien, Jason). (Entered: 03/24/2022) |
| 03/24/2022 | 118 | Order entered on 3/24/2022 Granting Motion for Oral Argument. On consideration of Plaintiff's unopposed Motion for Oral Argument, it is hereby ORDERED that the Plaintiff's Motion for Oral Argument is GRANTED; and it is further ORDERED that oral argument shall take place, in person in New York, on Tuesday, June 28, 2022, at 2:30 p.m. at the U.S. Court of International Trade in the Ceremonial Courtroom. SO ORDERED. (Related Doc # 117 ) (Chien, Jason) (Entered: 03/24/2022) |
| 04/29/2022 | 119 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Mercedes C. Morno*. Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) (Entered: 04/29/2022) |
| 06/06/2022 | 120 | *Conference Call set for Tuesday, June 7, 2022 at 11:00 a.m. via Microsoft Teams*. (Chien, Jason) (Entered: 06/06/2022) |
| 06/07/2022 | 121 | Conference Call held on 6/7/2022 at 11:00 a.m. in Offline via Microsoft Teams. *Appearance Sheet attached*. (Chien, Jason) (Entered: 06/07/2022) |
| 06/28/2022 | 122 | (Partial Confidential) Oral Argument held on 6/28/2022 at 2:30 p.m. in Ceremonial Courtroom. *Appearance Sheet attached*. (Chien, Jason) Modified on 6/28/2022 (Chien, Jason). (Entered: 06/28/2022) |
| 07/14/2022 | 123 | **[THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 127]** Public Transcript of Oral Argument held on 6/28/2022 filed with court. Pursuant to Administrative Order 08-01 re: the redaction of personal data identifiers:. Notice of Intent to Redact Deadline due 7/21/2022. Redaction Request due 8/4/2022. Redacted Transcript Deadline set for 8/15/2022. Release of Transcript Restriction set for 10/12/2022. (Chien, Jason) Modified on 10/20/2022 (Chien, Jason). (Entered: 07/14/2022) |
| 07/14/2022 | 124 | **[THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 128]** Confidential Transcript of Oral Argument held on 6/28/2022 filed with court. (Chien, Jason) Modified on 7/14/2022 (Chien, Jason). Modified on 10/20/2022 (Chien, Jason). (Entered: 07/14/2022) |
| 07/14/2022 | 125 | Confidential Response to Court's Request/Order . Filed by Kwan Woo Kim of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 APPX0086885-86897)(Kim, Kwan Woo) (Entered: 07/14/2022) |
| 09/28/2022 | 126 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Clinton R. Long*. Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company (Greer, Jamieson) (Entered: 09/28/2022) |
| 10/20/2022 | 127 | **[THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 129]** Revised Public Transcript of Oral Argument held on 6/28/2022 filed with court. Pursuant to Administrative Order 08-01 re: the redaction of personal data identifiers. Notice of Intent to Redact Deadline due 10/27/2022. Redaction Request due 11/10/2022. Redacted Transcript Deadline set for 11/21/2022. Release of Transcript Restriction set for 1/18/2023. (Chien, Jason) Modified on 10/20/2022 (Chien, Jason). Modified on 11/8/2022 (Chien, Jason). (Entered: 10/20/2022) |
| 10/20/2022 | 128 | **[THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 130]** Confidential Revised Transcript of Oral Argument held on 6/28/2022 filed with court. (Chien, Jason) Modified on 10/20/2022 (Chien, Jason). Modified on 11/8/2022 (Chien, Jason). (Entered: 10/20/2022) |
| 11/08/2022 | 129 | (Second) Revised Public Transcript of Oral Argument held on 6/28/2022 filed with court. Pursuant to Administrative Order 08-01 re: the redaction of personal data identifiers. |

| | | |
|---|---|---|
| | | Notice of Intent to Redact Deadline due 11/15/2022. Redaction Request due 11/29/2022. Redacted Transcript Deadline set for 12/9/2022. Release of Transcript Restriction set for 2/6/2023. (Chien, Jason) Modified on 11/8/2022 (Chien, Jason). (Entered: 11/08/2022) |
| 11/08/2022 | 130 | (Second) Revised Confidential Transcript of Oral Argument held on 6/28/2022 filed with court. (Chien, Jason) Modified on 11/8/2022 (Chien, Jason). (Entered: 11/08/2022) |
| 12/01/2022 | 131 | Notice of withdrawal as attorney of record filed *for Victor D. Ban.* Filed by Victor Duen-Li Ban of Covington & Burling LLP on behalf of OCP S.A..(Ban, Victor) (Entered: 12/01/2022) |
| 12/01/2022 | 132 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Victor D. Ban.* Filed by Victor Duen-Li Ban of Covington & Burling LLP on behalf of OCP S.A.. (Ban, Victor) (Entered: 12/01/2022) |
| 02/08/2023 | 133 | Amended Form 11 Notice of Appearance *for Change of Counsel Address.* Filed by Patrick James McLain of Wilmer, Cutler, Pickering, Hale and Dorr, LLP on behalf of The Mosaic Company.(McLain, Patrick) (Entered: 02/08/2023) |
| 06/08/2023 | 134 | Order on Artificial Intelligence entered on 6/8/2023: ORDERED that *any* submission in a case assigned to Judge Vaden that contains text drafted with the assistance of a generative artificial intelligence program on the basis of natural language prompts, including but not limited to ChatGPT and Google Bard, must be accompanied by: (1) A disclosure notice that identifies the program used and the specific portions of text that have been so drafted; (2) A certification that the use of such program has not resulted in the disclosure of any confidential or business proprietary information to any unauthorized party; and it is further ORDERED that, following the filing of such notice, any party may file with the Court any motion provided for by statute or the Rules of the Court of International Trade seeking any relief the party believes the facts disclosed warrant. SO ORDERED. (SEE ORDER FOR FULL DETAILS) (Chien, Jason) (Entered: 06/08/2023) |
| 07/07/2023 | 135 | Notice of withdrawal as attorney of record filed *on behalf of Patrick McLain.* Filed by Patrick James McLain of Wilmer, Cutler, Pickering, Hale and Dorr, LLP on behalf of The Mosaic Company.(McLain, Patrick) (Entered: 07/07/2023) |
| 07/07/2023 | 136 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Patrick McLain.* Filed by Patrick James McLain of Wilmer, Cutler, Pickering, Hale and Dorr, LLP on behalf of The Mosaic Company. (McLain, Patrick) (Entered: 07/07/2023) |
| 09/05/2023 | 137 | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 139]** Form 17 Business Proprietary Information Certification filed on behalf of Patrick J. McLain as Attorney/Consultant(s) . Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) Modified on 9/5/2023 (Chien, Jason). (Entered: 09/05/2023) |
| 09/05/2023 | 138 | Form 11 Notice of Appearance . Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company (Greer, Jamieson) (Entered: 09/05/2023) |
| 09/05/2023 | 139 | Corrected Form 17 Business Proprietary Information Certification filed on behalf of Patrick J. McLain as Attorney/Consultant(s) . Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) Modified on 9/5/2023 (Chien, Jason). (Entered: 09/05/2023) |
| 09/08/2023 | 140 | Form 18A Notification of Termination of Government Attorney Access to Business Proprietary Information on behalf of *Jason F. Miller.* Filed by Jason F. Miller of U.S. International Trade Commission on behalf of United States. (Miller, Jason) (Entered: 09/08/2023) |

| | | |
|---|---|---|
| 09/19/2023 | 141 | Order entered on 9/19/2023, Slip-Op. 23-136: The Determination of the United States International Trade Commission is remanded in conformity with this opinion. Because the Commission grounded its findings on an unsupported assumption that fertilizer could be reshipped from one destination to another to meet existing demand, its current decision may not stand. It is therefore ORDERED that Plaintiffs' Motions for Judgment on the Agency Record are GRANTED, and the Commission shall take new action in accordance with this opinion. The Commission may take new evidence, reconsider existing evidence, or take any other action allowed by its procedures on remand to come to a conclusion supported by substantial evidence. The Commission is directed to file its remand redetermination within 120 days of the date of this decision. Plaintiff shall have 30 days thereafter to file any comments on the remand redetermination. Plaintiff-Intervenors and the Consolidated Plaintiff shall have 14 days after the filing of Plaintiff's comments to file their own comments. The Commission shall file its comments within 30 days of the filing of Plaintiff-Intervenors' and the Consolidated Plaintiff's comments. Defendant-Intervenors shall file their comments within 14 days of the filing of the Commission's comments. Plaintiff shall have the option of filing a reply to these comments, due 30 days from the filing of Defendant-Intervenors' comments. SO ORDERED. (related document(s) 57 , 65 , 77 , 64 , 66 , 56 , 76 ) (Chien, Jason) (Entered: 09/19/2023) |
| 12/26/2023 | 142 | Notice of withdrawal as attorney of record filed . Filed by Lucas A. Queiroz Pires of Alston & Bird, LLP on behalf of Koch Fertilizer, LLC.(Queiroz Pires, Lucas) (Entered: 12/26/2023) |
| 12/26/2023 | 143 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Lucas A. Queiroz Pires*. Filed by Lucas A. Queiroz Pires of Alston & Bird, LLP on behalf of Koch Fertilizer, LLC. (Queiroz Pires, Lucas) (Entered: 12/26/2023) |
| 01/08/2024 | 144 | 🔊 Digital Audio File of Teams Conference Call held on June 7, 2022 before Judge Stephen Alexander Vaden 121 . AUDIO FILE SIZE (53.5 MB) (Chien, Jason) (Entered: 01/08/2024) |
| 01/17/2024 | 145 | Confidential Remand results filed by USITC . Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (McNamara, Courtney) (Entered: 01/17/2024) |
| 01/17/2024 | 146 | Public Remand results filed by USITC . Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (McNamara, Courtney) (Entered: 01/17/2024) |
| 01/23/2024 | 147 | Form 17 Business Proprietary Information Certification filed on behalf of Neal J. Reynolds as Attorney/Consultant(s) . Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) (Entered: 01/23/2024) |
| 01/29/2024 | 148 | Form 11 Notice of Appearance *on behalf of Neal J. Reynolds*. Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company (Greer, Jamieson) (Entered: 01/29/2024) |
| 01/31/2024 | 149 | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 173]** Public Administrative record for USITC filed . Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Attachments: # 1 public remand administrative record)(McNamara, Courtney) Modified on 3/28/2024 (Chien, Jason). (Entered: 01/31/2024) |
| 01/31/2024 | 150 | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 172]** Confidential Administrative record for USITC filed . Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Attachments: # 1 confidential administrative record)(McNamara, |

| | | |
|---|---|---|
| | | Courtney) Modified on 2/1/2024 (Chien, Jason). Modified on 3/28/2024 (Chien, Jason). (Entered: 01/31/2024) |
| 02/09/2024 | 151 | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 153]** Form 11 Notice of Appearance *on behalf of Paula Ortiz Cardona, John J. Catalfamo, and Julia Shults*. Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A..(Choi, Sooan (Vivian)) Modified on 2/12/2024 (Chien, Jason). (Entered: 02/09/2024) |
| 02/09/2024 | 152 | Form 17 Business Proprietary Information Certification filed on behalf of Paula Ortiz Cardona, John J. Catalfamo, and Julia Shults as Attorney/Consultant(s) . Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A.. (Choi, Sooan (Vivian)) (Entered: 02/09/2024) |
| 02/09/2024 | 153 | Revised Form 11 Notice of Appearance *on behalf of Paula Ortiz Cardona, John J. Catalfamo, and Julia Shults*. Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A..(Choi, Sooan (Vivian)) (Entered: 02/09/2024) |
| 02/16/2024 | 154 | Comments on remand results . Filed by Jeremy William Dutra of Squire Patton Boggs (US) LLP on behalf of EuroChem North America Corporation. (Dutra, Jeremy) (Entered: 02/16/2024) |
| 02/16/2024 | 155 | Confidential Comments on remand results *(Bracketing Not Final)*. Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A.. (Choi, Sooan (Vivian)) (Entered: 02/16/2024) |
| 02/20/2024 | 156 | Confidential Comments on remand results *(Bracketing Final)*. Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A.. (Choi, Sooan (Vivian)) (Entered: 02/20/2024) |
| 02/29/2024 | 158 | Order Regarding Confidentiality and Scheduling In-Person Hearing entered on 2/29/2024: To gain a better understanding of the justification for the redactions in the Administrative Record and Remand Redetermination, the Court finds a hearing is necessary. It is ORDERED that: An in-person hearing regarding the requested redactions shall take place at the Court of International Trade in New York. Counsel for any party to this case that requested or approved redaction of any information identified in this Order and the attached exhibits is ORDERED to appear in-person at the hearing and be prepared to defend the alleged confidentiality of that information. Counsel for the United States International Trade Commission and the Commission's general counsel, Mr. Dominic Bianchi, are ORDERED to appear in-person. Counsel for lead Plaintiff OCP is also ORDERED to appear in person. Any party required to attend is ORDERED to provide the Court with their availability for the final two weeks of March and, in particular, for Friday, March 29, 2024. The purpose of the hearing will be for the Court: 1) to determine who requested the redaction of what information; 2) to determine the parties' justifications or legal rationales for the redactions; 3) to determine why the Commission allowed the parties' redaction requests, or alternatively, why the Commission made the redactions itself; 4) to determine whether there was any ambiguity in the law; 5) to hear from any witnesses on the justifications for the redactions; 6) to determine the parties' mental states when redacting the information (*e.g.*, recklessness, negligence, *etc*.); 7) to determine whether counsel complied with USCIT Rule 11(b) by diligently investigating their representations regarding the purportedly confidential information; 8) to determine whether there is any "nonfrivolous argument" or "evidentiary support" for the parties' allegation that information available to the public qualifies as confidential business information; and 9) to discuss the propriety of sanctions for any violation of USCIT Rule 11. To satisfy the notice requirements of USCIT Rule 11, the Court provides the parties with two exhibits listing the information whose confidentiality is questioned. The exhibits list the page numbers of the Remand Redetermination where the questioned information |

| | | |
|---|---|---|
| | | can be found as well as the basis for questioning the information's alleged confidentiality. One exhibit lists information that is already publicly available. The second exhibit lists information that may not meet the Commission's own standard for confidentiality. The two exhibits plus the redacted questionnaires represent the total amount of information about which the Court intends to question the parties. Public versions of the exhibits will also be provided. For the time being, the alleged confidential information will remain redacted in the public versions. Any party not required to attend the hearing may voluntarily attend in person to provide its views on the above questions. Parties will be permitted to call witnesses at the hearing. Any party that wishes to do so must submit a list of the witnesses it intends to call at the hearing and the topics on which those witnesses intend to testify. The list should also include any exhibits the parties intend to introduce into evidence and the purpose for which the exhibits will be proffered. In addition to questions from counsel, all witnesses will be subject to questioning directly by the Court. Parties shall file any witness and exhibit lists no later than 5 p.m. Eastern Time fourteen days before the scheduled hearing date. After the hearing, the Court will issue any orders necessary to protect the public's right to transparency in this case. SO ORDERED. (SEE ORDER FOR FULL DETAILS) (Attachments: # 1 Exhibit 1 (Public Version), # 2 Exhibit 2 (Public Version)) (Chien, Jason) (Entered: 02/29/2024) |
| 02/29/2024 | 159 | Confidential Exhibits 1 and 2 to Order Regarding Confidentiality and Scheduling In-Person Hearing (ECF No. 158 ) entered on 2/29/2024. (related document(s) 158 ) (Chien, Jason) (Entered: 02/29/2024) |
| 03/01/2024 | 160 | Confidential Comments on remand results *on behalf of PhosAgro PJSC*. Filed by Cayla Danielle Ebert of Hogan Lovells US LLP on behalf of PhosAgro PJSC. (Ebert, Cayla) (Entered: 03/01/2024) |
| 03/01/2024 | 161 | Public Comments on remand results *on behalf of PhosAgro PJSC*. Filed by Cayla Danielle Ebert of Hogan Lovells US LLP on behalf of PhosAgro PJSC. (Ebert, Cayla) (Entered: 03/01/2024) |
| 03/01/2024 | 162 | Confidential Comments on remand results (related document(s) 145 ). Filed by Melissa Marie Brewer of Kelley Drye & Warren, LLP on behalf of International Raw Materials Ltd.. (Brewer, Melissa) (Entered: 03/01/2024) |
| 03/01/2024 | 163 | Confidential Comments on remand results . Filed by Chunlian Yang of Alston & Bird, LLP on behalf of Koch Fertilizer, LLC. (Yang, Chunlian) (Entered: 03/01/2024) |
| 03/01/2024 | 164 | Comments on remand results . Filed by Chunlian Yang of Alston & Bird, LLP on behalf of Koch Fertilizer, LLC. (Yang, Chunlian) (Entered: 03/01/2024) |
| 03/04/2024 | 165 | Notice from the Court *The hearing regarding Confidentiality is set for March 29, 2024 and the Parties shall file any Witness and Exhibit lists by 5:00 p.m. Eastern Time on March 15, 2024.* (Chien, Jason) (Entered: 03/04/2024) |
| 03/04/2024 | 166 | Confidential Final Comments on remand results (related document(s) 145 ). Filed by Melissa Marie Brewer of Kelley Drye & Warren, LLP on behalf of International Raw Materials Ltd.. (Brewer, Melissa) (Entered: 03/04/2024) |
| 03/04/2024 | 167 | Public Comments on remand results (related document(s) 146 ). Filed by Melissa Marie Brewer of Kelley Drye & Warren, LLP on behalf of International Raw Materials Ltd.. (Brewer, Melissa) (Entered: 03/04/2024) |
| 03/19/2024 | 168 | Unopposed Motion for extension of time until 4/15/2024 to *file remand comments* (related document(s) 141 ). Responses due by 4/9/2024. Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Attachments: # 1 Proposed Order)(McNamara, Courtney) (Entered: 03/19/2024) |

| 03/19/2024 | 169 | Notice from the Court *The March 29, 2024 hearing regarding Confidentiality will be held in the Ceremonial Courtroom and begin at 2:30 p.m.*. (Chien, Jason) (Entered: 03/19/2024) |
|---|---|---|
| 03/22/2024 | 170 | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 171]** Form 11 Notice of Appearance *of Dominic L. Bianchi*. Filed by Dominic L. Bianchi of U.S. International Trade Commission on behalf of United States.(Bianchi, Dominic) Modified on 3/22/2024 (Chien, Jason). (Entered: 03/22/2024) |
| 03/22/2024 | 171 | Form 11 Notice of Appearance *of Dominic L. Bianchi (Corrected)*. Filed by Dominic L. Bianchi of U.S. International Trade Commission on behalf of United States.(Bianchi, Dominic) (Entered: 03/22/2024) |
| 03/27/2024 | 172 | Confidential Administrative record for USITC filed *as corrected*. Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Attachments: # 1 Corrected Confidential Administrative Record) (McNamara, Courtney) (Entered: 03/27/2024) |
| 03/27/2024 | 173 | Public Administrative record for USITC filed *as corrected*. Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Attachments: # 1 Corrected Public Administrative Record) (McNamara, Courtney) (Entered: 03/27/2024) |
| 03/29/2024 | 174 | Hearing Regarding Confidentiality held on 3/29/2024 at 2:30 p.m. in Ceremonial Courtroom. *Appearance Sheet attached. Transcript requests to be made within 7-Days*. (Chien, Jason) (Entered: 03/29/2024) |
| 03/29/2024 | 175 | Order granting Defendant's Motion for Extension of Time to File Remand Comments and Scheduling Additional Briefing entered on 3/29/2024: On March 29, 2024, the Court held a hearing to discuss redactions of alleged confidential business information in the record. ECF No. 174. As discussed at the hearing, the parties and the Court decided to modify the briefing schedule for the International Trade Commission's remand determination and schedule on a parallel track additional briefing concerning the allegedly confidential information. Therefore, it is ORDERED that the Defendant's Motion for Extension of Time to File Remand Comments, ECF No. 168, is GRANTED, and it is ORDERED that all previous deadlines for briefing on the merits set in ECF No. 141 are moved back two weeks. It is further ORDERED that the parties attending today's hearing shall adhere to the following schedule for briefing on the issue of alleged confidential business information: (1) Defendant shall file its brief on or before May 8, 2024; (2) Defendant-Intervenors shall file their briefs on or before May 22, 2024; (3) Lead Plaintiff, Consolidated Plaintiff, and Plaintiff-Intervenor shall file their optional response briefs on or before June 5, 2024; and (4) Defendant-Intervenors shall file their optional reply briefs on or before June 20, 2024. The Defendant waived its right to file any optional reply at the hearing. SO ORDERED. (related documents # 141 , 168 , 174 ) (Chien, Jason) (Entered: 03/29/2024) |
| 04/11/2024 | 176 | **[THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 193]** Transcript of Hearing held on 3/29/2024 filed with court. Pursuant to Administrative Order 08-01 re: the redaction of personal data identifiers. Notice of Intent to Redact Deadline due 4/18/2024. Redaction Request due 5/2/2024. Redacted Transcript Deadline set for 5/13/2024. Release of Transcript Restriction set for 7/10/2024. (Chien, Jason) Modified on 5/20/2024 (Chien, Jason). (Entered: 04/11/2024) |
| 04/15/2024 | 177 | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 182]** Confidential Comments on remand results (related document(s) 145 ). Filed by Courtney Sheehan McNamara of U.S. International Trade |

| | | Commission on behalf of United States. (McNamara, Courtney) Modified on 4/29/2024 (Chien, Jason). (Entered: 04/15/2024) |
|---|---|---|
| 04/15/2024 | 178 | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 183]** Public Comments on remand results (related document(s) 146 ). Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (McNamara, Courtney) Modified on 4/29/2024 (Chien, Jason). (Entered: 04/15/2024) |
| 04/26/2024 | 179 | Confidential Consent Motion to Correct its Confidential Comments on Remand Results (related document(s) 177 ). Responses due by 5/17/2024. Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Attachments: # 1 Corrected Comments on Remand Results, # 2 Proposed Order) (McNamara, Courtney) Modified on 4/29/2024 (Chien, Jason). (Entered: 04/26/2024) |
| 04/26/2024 | 180 | Public Consent Motion to Correct its Public Comments on Remand Results (related document(s) 178 ). Responses due by 5/17/2024. Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Attachments: # 1 Public Corrected Comments on Remand Results, # 2 Proposed Order)(McNamara, Courtney) Modified on 4/29/2024 (Chien, Jason). (Entered: 04/26/2024) |
| 04/29/2024 | 181 | Paperless Order issued on 4/29/2024: The Defendant's Consent Motions to Correct its Confidential and Public Comments on Remand Results (ECF Nos. 179 and 180) are GRANTED. IT IS ORDERED that the Corrected Versions of its Confidential and Public Comments on Remand Results are accepted and deemed filed. SO ORDERED. (related documents # 179 , 180 ) (Chien, Jason) (Entered: 04/29/2024) |
| 04/29/2024 | 182 | Confidential Corrected Comments on Remand Results *deemed filed.* (related document(s) 181 , 179 ). Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Chien, Jason) (Entered: 04/29/2024) |
| 04/29/2024 | 183 | Public Corrected Comments on Remand Results *deemed filed.* (related document(s) 180 , 181 ). Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Chien, Jason) Modified on 4/29/2024 (Chien, Jason). (Entered: 04/29/2024) |
| 04/29/2024 | 184 | Confidential Comments on remand results *(Bracketing Not Final)* (related document(s) 145 ). Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) (Entered: 04/29/2024) |
| 04/29/2024 | 185 | Confidential Comments on remand results *(Bracketing Not Final)* (related document(s) 145 ). Filed by Jeffrey Ian Kessler of Wilmer, Cutler, Pickering, Hale & Dorr, LLP on behalf of The Mosaic Company. (Kessler, Jeffrey) (Entered: 04/29/2024) |
| 04/30/2024 | 186 | Confidential Comments on remand results *(Final Bracketing)* (related document(s) 145 ). Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) (Entered: 04/30/2024) |
| 04/30/2024 | 187 | Public Comments on remand results (related document(s) 146 ). Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) (Entered: 04/30/2024) |
| 04/30/2024 | 188 | Confidential Comments on remand results *(Final Bracketing)* (related document(s) 145 ). Filed by Jeffrey Ian Kessler of Wilmer, Cutler, Pickering, Hale & Dorr, LLP on behalf of The Mosaic Company. (Kessler, Jeffrey) (Entered: 04/30/2024) |

| 04/30/2024 | 189 | Public Comments on remand results (related document(s) 146 ). Filed by Jeffrey Ian Kessler of Wilmer, Cutler, Pickering, Hale & Dorr, LLP on behalf of The Mosaic Company. (Kessler, Jeffrey) (Entered: 04/30/2024) |
|---|---|---|
| 05/08/2024 | 190 | Public Comments on remand results *(Corrected Version)*. Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A.. (Choi, Sooan (Vivian)) (Entered: 05/08/2024) |
| 05/08/2024 | 191 | Defendant's Confidential Supplemental Response Brief to Court's Minute Order on Confidentiality. Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Attachments: # 1 Exhibit A, # 2 Exhibit B (BPI), # 3 Exhibit C)(McNamara, Courtney) Modified on 5/23/2024 (Chien, Jason). (Entered: 05/08/2024) |
| 05/08/2024 | 192 | Defendant's Public Supplemental Response Brief to Court's Minute Order on Confidentiality. Filed by Courtney Sheehan McNamara of U.S. International Trade Commission on behalf of United States. (Attachments: # 1 Exhibit A, # 2 Exhibit B (public), # 3 Exhibit C)(McNamara, Courtney) Modified on 5/23/2024 (Chien, Jason). (Entered: 05/08/2024) |
| 05/20/2024 | 193 | Revised Transcript of Hearing held on 3/29/2024 filed with court. Pursuant to Administrative Order 08-01 re: the redaction of personal data identifiers. Notice of Intent to Redact Deadline due 5/28/2024. Redaction Request due 6/10/2024. Redacted Transcript Deadline set for 6/20/2024. Release of Transcript Restriction set for 8/19/2024. (Chien, Jason) (Entered: 05/20/2024) |
| 05/22/2024 | 194 | Defendant-Intervenor's (J.R. Simplot) Confidential Supplemental Response Brief to Court's Minute Order on Confidentiality *(Bracketing Not Final)*. Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) Modified on 5/23/2024 (Chien, Jason). (Entered: 05/22/2024) |
| 05/22/2024 | 195 | Defendant-Intervenor's (Mosaic) Confidential Supplemental Response Brief to Court's Minute Order on Confidentiality. Filed by Jeffrey Ian Kessler of Wilmer, Cutler, Pickering, Hale & Dorr, LLP on behalf of The Mosaic Company. (Attachments: # 1 Information Identified in the Exhibit to the Court Order Regarding Confidentiality as Publicly Available Information)(Kessler, Jeffrey) Modified on 5/23/2024 (Chien, Jason). (Entered: 05/22/2024) |
| 05/22/2024 | 196 | Defendant-Intervenor's (Mosaic) Public Supplemental Response Brief to Court's Minute Order on Confidentiality. Filed by Jeffrey Ian Kessler of Wilmer, Cutler, Pickering, Hale & Dorr, LLP on behalf of The Mosaic Company. (Attachments: # 1 Information Identified in the Exhibit to the Court Order Regarding Confidentiality as Publicly Available Information)(Kessler, Jeffrey) Modified on 5/23/2024 (Chien, Jason). (Entered: 05/22/2024) |
| 05/23/2024 | 197 | Defendant-Intervenor's (J.R. Simplot) Confidential Supplemental Response Brief to Court's Minute Order on Confidentiality (Bracketing Final). Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) Modified on 5/24/2024 (Chien, Jason). (Entered: 05/23/2024) |
| 05/23/2024 | 198 | Defendant-Intervenor's (J.R. Simplot) Public Supplemental Response Brief to Court's Minute Order on Confidentiality. Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) Modified on 5/24/2024 (Chien, Jason). (Entered: 05/23/2024) |

| Date | No. | Description |
|------|-----|-------------|
| 05/29/2024 | [199](#) | Confidential Reply Comments on Remand Results *(Bracketing Not Final)*. Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A.. (Choi, Sooan (Vivian)) Modified on 5/30/2024 (Chien, Jason). (Entered: 05/29/2024) |
| 05/30/2024 | [200](#) | Confidential Reply Comments on Remand Results *(Bracketing Final)*. Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A.. (Choi, Sooan (Vivian)) Modified on 5/30/2024 (Chien, Jason). (Entered: 05/30/2024) |
| 05/30/2024 | [201](#) | Public Reply Comments on Remand Results . Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A.. (Choi, Sooan (Vivian)) Modified on 5/30/2024 (Chien, Jason). (Entered: 05/30/2024) |
| 06/12/2024 | [202](#) | Confidential Joint Appendix *(Remand)*. Filed by Julia H. Shults of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # [1](#) Appendix Table of Contents, Vol 01 APPX0080000-80404, # [2](#) Appendix Vol 02 APPX0080405-80937, # [3](#) Appendix Vol 03 APPX0080938-81640, # [4](#) Appendix Vol 04 APPX0081641-85397, # [5](#) Appendix Vol 05 APPX085398-86519, # [6](#) Appendix Vol 06 APPX0086923-90163, # [7](#) Appendix Vol 07 APPX0090164-90408, # [8](#) Appendix Vol 08 APPX0090409-90761, # [9](#) Appendix Vol 09 APPX0090762-91340, # [10](#) Appendix Vol 10 APPX0091341-91640, # [11](#) Appendix Vol 11 APPX0091641-92011, # [12](#) Appendix Vol 12 APPX0092012-93080, # [13](#) Appendix Vol 13 APPX0093081-93838, # [14](#) Appendix Vol 14 APPX0093839-95122, # [15](#) Appendix Vol 15 APPX0095123-96054, # [16](#) Appendix Vol 16 APPX0096055-97016, # [17](#) Appendix Vol 17 APPX0097017-97216, # [18](#) Appendix Vol 18 APPX0097217-98136, # [19](#) Appendix Vol 19 APPX0098137-98246, # [20](#) Appendix Vol 20 APPX0098247-100025)(Shults, Julia) (Entered: 06/12/2024) |
| 06/12/2024 | [203](#) | Joint Appendix *(Remand)*. Filed by Julia H. Shults of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # [1](#) Appendix Table of Contents, Vol 001 APPX0000001-1205, # [2](#) Appendix Vol 002 APPX0001206-1358, # [3](#) Appendix Vol 003 APPX0001359-1536, # [4](#) Appendix Vol 004 APPX0001537-1657, # [5](#) Appendix Vol 005 APPX0001658-1812, # [6](#) Appendix Vol 006 APPX0001813-1955, # [7](#) Appendix Vol 007 APPX0001956-2119, # [8](#) Appendix Vol 008 APPX0002120-2257, # [9](#) Appendix Vol 009 APPX0002258-2366, # [10](#) Appendix Vol 010 APPX0002367-2458)(Shults, Julia) (Entered: 06/12/2024) |
| 06/12/2024 | [204](#) | Joint Appendix *(Remand)*. Filed by Julia H. Shults of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # [1](#) Appendix Vol 012 APPX0002592-2703, # [2](#) Appendix Vol 013 APPX0002704-4119, # [3](#) Appendix Vol 014 APPX0004120-4143, # [4](#) Appendix Vol 015 APPX0004144-4170, # [5](#) Appendix Vol 016 APPX0004171-4196, # [6](#) Appendix Vol 017 APPX0004197-4223, # [7](#) Appendix Vol 018 APPX0004224-4245, # [8](#) Appendix Vol 019 APPX0004246-4271, # [9](#) Appendix Vol 020 APPX0004272-4289)(Shults, Julia) (Entered: 06/12/2024) |
| 06/12/2024 | [205](#) | Joint Appendix *(Remand)*. Filed by James McCall Smith of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # [1](#) Appendix Vol 090 APPX0016699-16770, # [2](#) Appendix Vol 091 APPX0016771-16997, # [3](#) Appendix Vol 092 APPX0016998-17246, # [4](#) Appendix Vol 093 APPX0017247-17315, # [5](#) Appendix Vol 094 APPX0017316-18385, # [6](#) Appendix Vol 095 APPX0018386-20538, # [7](#) Appendix Vol 096 APPX0020539-21150, # [8](#) Appendix Vol 097 APPX0021151-21418, # [9](#) Appendix Vol 098 APPX0021419-21521, # [10](#) Appendix Vol 099 APPX0021522-21626, # [11](#) Appendix Vol 100 APPX0021627-21729, # [12](#) Appendix Vol 101 APPX0021730-21833, # [13](#) Appendix Vol 102 APPX0021834-21917, # [14](#) Appendix Vol 103 APPX0021918-21941)(Smith, James) (Entered: 06/12/2024) |
| 06/12/2024 | [206](#) | Joint Appendix *(Remand)*. Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # [1](#) Appendix Vol 022 APPX0004307-4334, # [2](#) Appendix Vol 023 APPX0004335-4371, # [3](#) Appendix Vol 024 APPX0004372-4390, # [4](#) |

| | | |
|---|---|---|
| | | Appendix Vol 025 APPX0004391-4404, # 5 Appendix Vol 026 APPX0004405-4418, # 6 Appendix Vol 027 APPX0004419-4433, # 7 Appendix Vol 028 APPX0004434-4464, # 8 Appendix Vol 029 APPX0004465-4481, # 9 Appendix Vol 030 APPX0004482-6108) (Choi, Sooan (Vivian)) (Entered: 06/12/2024) |
| 06/12/2024 | 207 | Joint Appendix *(Remand)*. Filed by Julia H. Shults of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Vol 032 APPX0006202-6279, # 2 Appendix Vol 033 APPX0006280-6374, # 3 Appendix Vol 034 APPX0006375-6500, # 4 Appendix Vol 035 APPX0006501-6630, # 5 Appendix Vol 036 APPX0006631-6704, # 6 Appendix Vol 037 APPX0006705-6808, # 7 Appendix Vol 038 APPX0006809-8695, # 8 Appendix Vol 039 APPX0008696-9900, # 9 Appendix Vol 040 APPX0009901-10070, # 10 Appendix Vol 041 APPX0010071-10152, # 11 Appendix Vol 042 APPX0010153-10435, # 12 Appendix Vol 043 APPX0010436-10602, # 13 Appendix Vol 044 APPX0010603-10696, # 14 Appendix Vol 045 APPX0010697-10771, # 15 Appendix Vol 046 APPX0010772-10938, # 16 Appendix Vol 047 APPX0010939-11089, # 17 Appendix Vol 048 APPX0011090-11184, # 18 Appendix Vol 049 APPX0011185-11251, # 19 Appendix Vol 050 APPX0011252-11344)(Shults, Julia) (Entered: 06/12/2024) |
| 06/12/2024 | 208 | Joint Appendix *(Remand)*. Filed by Julia H. Shults of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Vol 081 APPX0014528-14597, # 2 Appendix Vol 082 APPX0014598-14688, # 3 Appendix Vol 083 APPX0014689-14788, # 4 Appendix Vol 084 APPX0014789-14886, # 5 Appendix Vol 085 APPX0014887-14981, # 6 Appendix Vol 086 APPX0014982-15026, # 7 Appendix Vol 087 APPX0015027-16045, # 8 Appendix Vol 088 APPX0016046-16629)(Shults, Julia) (Entered: 06/13/2024) |
| 06/12/2024 | 209 | Joint Appendix *(Remand)*. Filed by James McCall Smith of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Vol 071 APPX0013546-13609, # 2 Appendix Vol 072 APPX0013610-13752, # 3 Appendix Vol 073 APPX0013753-13926, # 4 Appendix Vol 074 APPX0013927-14018, # 5 Appendix Vol 075 APPX0014019-14105, # 6 Appendix Vol 076 APPX0014106-14224, # 7 Appendix Vol 077 APPX0014225-14289, # 8 Appendix Vol 078 APPX0014290-14361, # 9 Appendix Vol 079 APPX0014362-14459)(Smith, James) (Entered: 06/13/2024) |
| 06/12/2024 | 210 | Joint Appendix *(Remand)*. Filed by Sooan (Vivian) Choi of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Vol 052 APPX0011498-11676, # 2 Appendix Vol 053 APPX0011677-11896, # 3 Appendix Vol 054 APPX0011901-12004, # 4 Appendix Vol 055 APPX0012005-12287, # 5 Appendix Vol 056 APPX0012288-12371, # 6 Appendix Vol 057 APPX0012372-12439, # 7 Appendix Vol 058 APPX0012440-12504, # 8 Appendix Vol 059 APPX0012505-12569)(Choi, Sooan (Vivian)) (Entered: 06/13/2024) |
| 06/13/2024 | 211 | Joint Appendix *(Remand)*. Filed by Julia H. Shults of Covington & Burling LLP on behalf of OCP S.A.. (Attachments: # 1 Appendix Vol 061 APPX0012638-12752, # 2 Appendix Vol 062 APPX0012753-12840, # 3 Appendix Vol 063 APPX0012841-12956, # 4 Appendix Vol 064 APPX0012957-13045, # 5 Appendix Vol 065 APPX0013046-13131, # 6 Appendix Vol 066 APPX0013132-13208, # 7 Appendix Vol 067 APPX0013209-13281, # 8 Appendix Vol 068 APPX0013282-13377, # 9 Appendix Vol 069 APPX0013378-13480)(Shults, Julia) (Entered: 06/13/2024) |
| 06/20/2024 | 212 | Unopposed Motion for oral argument on Remand Results . Responses due by 7/11/2024. Filed by Paula M. Ortiz Cardona of Covington & Burling LLP on behalf of OCP S.A.. (Ortiz Cardona, Paula) (Entered: 06/20/2024) |
| 07/22/2024 | 213 | Notice of Letter *Regarding Compliance with Rule 1.12*. Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) (Entered: 07/22/2024) |

| | | |
|---|---|---|
| 01/02/2025 | 214 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Jamieson L. Greer*. Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company. (Greer, Jamieson) (Entered: 01/02/2025) |
| 01/02/2025 | 215 | Notice of withdrawal as attorney of record filed *on behalf of Jamieson L. Greer*. Filed by Jamieson L. Greer of King & Spalding, LLP on behalf of J. R. Simplot Company.(Greer, Jamieson) (Entered: 01/02/2025) |
| 01/07/2025 | 216 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Cayla D. Ebert*. Filed by Harold Deen Kaplan of Hogan Lovells US LLP on behalf of PhosAgro PJSC. (Kaplan, Harold) (Entered: 01/07/2025) |
| 01/10/2025 | 217 | Unopposed Motion to sever *or defer confidentiality issues*. Responses due by 1/31/2025. Filed by Jeremy William Dutra of Squire Patton Boggs (US) LLP, Paul Charles Rosenthal of Kelley Drye & Warren, LLP, Kenneth George Weigel of Alston & Bird, LLP, Shara Louise Aranoff of Covington & Burling LLP on behalf of International Raw Materials Ltd., Koch Fertilizer, LLC, EuroChem North America Corporation, OCP S.A..(Aranoff, Shara) (Entered: 01/10/2025) |
| 01/10/2025 | 218 | Paperless Order issued on 1/10/2025: The Motion to Sever is DENIED. The Court is diligently working on two opinions - one on the confidentiality issue and one on the merits of the Remand Determination. The Court intends to issue both opinions simultaneously, which will promote efficiency and the full discussion of all legal issues in play. SO ORDERED. (related document(s) # 217 ) (Chien, Jason) (Entered: 01/10/2025) |
| 03/20/2025 | 219 | Notice of Withdrawal of Attorney *Jeffrey Ian Kessler*. Responses due by 4/10/2025. Filed by Stephanie Ellen Hartmann of Wilmer, Cutler, Pickering, Hale & Dorr, LLP on behalf of The Mosaic Company.(Hartmann, Stephanie) Modified on 3/20/2025 (Chien, Jason). (Entered: 03/20/2025) |
| 03/27/2025 | 220 | Order entered on 3/27/2025, Slip-Op. 25-32: Ordering the United States International Trade Commission to comply with the law and its own regulations regarding confidential treatment of information. The Commission's practice of automatically redacting questionnaire responses is unlawful. This practice is inconsistent with the statutory and regulatory scheme. The Commission's disregard for the legal rules governing confidentiality abrogates the public's right of access to judicial proceedings and impairs the Court's ability to decide cases and issue opinions in a timely manner. This cannot continue. In further proceedings in the underlying case, the Commission is hereby ORDERED to: 1) Treat as public the information identified in Section IV of this opinion as not entitled to confidential treatment; and 2) Consistent with this opinion, abide by the statutes and regulations governing confidential treatment of information in filings of any kind with the Court. Further directives in this case will follow. SO ORDERED. (related document(s) 158 , 198 , 174 , 193 , 196 , 195 , 197 , 192 , 191 , 194 ) (Chien, Jason) (Entered: 03/27/2025) |
| 03/28/2025 | 221 | Notice of Withdrawal as Attorney of Record filed . Filed by Dominic L. Bianchi of U.S. International Trade Commission on behalf of United States. (Bianchi, Dominic) Modified on 3/28/2025 (Chien, Jason). (Entered: 03/28/2025) |
| 04/07/2025 | 222 | CAFC Notice of Docketing - *CAFC 2025-127*. A Petition for Writ of Mandamus was filed on April 7, 2025. (related document(s) 220 ). (Chien, Jason) Modified on 4/7/2025 (Chien, Jason). (Entered: 04/07/2025) |
| 04/22/2025 | 223 | Paperless Order entered on 4/22/2025: The Unopposed Motion for Oral Argument on Remand Results (ECF No. 212) is DENIED. SO ORDERED. (related document(s) # 212 (Chien, Jason) (Entered: 04/22/2025) |

| 04/22/2025 | 224 | Confidential Order entered on 4/22/2025, Slip-Op. 25-51: The Determination of the United States International Trade Commission is remanded in conformity with this opinion. ORDERED that the case is REMANDED to the Commission for new action consistent with this opinion. On remand, the Commission may take new evidence, reconsider existing evidence, or take any other action allowed by its procedures to come to a conclusion supported by substantial evidence. The Commission should take care to address each error identified by the Court and remedy each error in a manner supported by substantial evidence. The Commission is directed to file its remand redetermination within 90 days of the date of this decision. Plaintiff shall have 30 days thereafter to file any comments on the remand redetermination. Plaintiff-Intervenors and the Consolidated Plaintiff shall have 14 days after the filing of Plaintiff's comments to file their own comments. The Commission shall file its comments within 30 days of the filing of Plaintiff Intervenors' and the Consolidated Plaintiff's comments. Defendant-Intervenors shall file their comments within 14 days of the filing of the Commission's comments. Plaintiff shall have the option of filing a reply to these comments, due 30 days from the filing of Defendant-Intervenors' comments. On remand, unless directed otherwise by the Federal Circuit, the Commission must (1) comply with this Court's previous opinion when determining which information deserves confidential treatment and (2) correct the public version of the record to reveal the wrongfully redacted information. *See OCP S.A. v. United States*, Consol. Court No. 1:21-cv-00219, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32 (Mar. 27, 2025). SO ORDERED. (related document(s) 145 , 146 ) (Chien, Jason) (Entered: 04/22/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/29/2025 15:14:05 | | |
| **PACER Login:** | ITCPacer | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:21-cv-00219-SAV |
| **Billable Pages:** | 22 | **Cost:** | 2.20 |

1  UNITED STATES COURT OF INTERNATIONAL TRADE

2

3  Case No. 21-00219

4  - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5  In the Matter of:

6  OCP S.A.,

7                Plaintiff,

8       vs.

9  UNITED STATES,

10              Defendant.

11  - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12

13             U.S. Court of International Trade

14             One Federal Plaza

15             New York, NY 10278

16

17             March 29, 2024

18             2:30 PM

19

20

21

22

23  B E F O R E :

24  HON STEPHEN ALEXANDER VADEN

25  U.S. INTERNATIONAL TRADE JUDGE

1           MS. MCNAMARA:  Respectfully, Your Honor, I have
2    pointed to the part of 201.6 that says if the disclosure
3    would prevent the Commission from being able to obtain the
4    information --
5           THE COURT:  Does it define questionnaires as
6    automatically -- any response to a questionnaire is
7    automatically passing that test?
8           MS. MCNAMARA:  No.  It's not specific to that,
9    it's -- but --
10          THE COURT:  That's right, it's a general test.  So
11   you need to be able to explain why the particular information
12   solicited in the questionnaire -- question by question, line
13   by line -- meets the test.  The answer, oh, it's in a
14   questionnaires is irrelevant.
15          MS. MCNAMARA:  Respectfully, Your Honor, we
16   disagree.  The questionnaires are how we obtain information,
17   and that's how we treat them.  We already have --
18          THE COURT:  Well, your general counsel told me you
19   obtain information through other means than the --
20          MS. MCNAMARA:  We do.  The Commission obtains a lot
21   of information.  And actually, this brings me back to the
22   point that you were talking about the Wall Street Journal
23   article.  While the Commission would not unbracket part of
24   the questionnaire -- because again, it's in the context of a
25   question, it could be in the context of the answer, there's

1   all of this . But what Commission staff would do is put it on

2   the record.  They would get the article and they would put it

3   on the record.  The Commission staff does to that.  They do

4   publicly avail --

5          THE COURT:  Can I ask you a question, then?

6          MS. MCNAMARA:  Yes.

7          THE COURT:  We have as an exhibit a graph that one

8   of the companies under investigation gave to you.  The entire

9   graph.  And it's available on the Internet, and you redacted

10   the entire graph.  So if you're making a representation

11   different from your general counsel who told me it would be

12   blacked out and that we would not refer to it -- that was his

13   answer and that's on the record and that's been transcribed.

14   So you're disagreeing with your own general counsel.  But if

15   you're representing now differently from your general counsel

16   that if you see something that is obviously on the public

17   record that you will -- despite what your general counsel

18   said, you'll be conscientious and you'll put it on the public

19   record, why didn't you do that with their graph?

20          MS. MCNAMARA:  I believe that it was pretty --

21          THE COURT:  I mean, you know you cite to public

22   market updates that they provided the general public about

23   the market, and you've redacted the information.

24          MS. MCNAMARA:  I believe that the public comes from

25   subscription services which the Commission does not --

1          THE COURT:  No.  This didn't come from a

2   subscription service.  This came from the company.

3          MS. MCNAMARA:  Which I don't know that that was

4   identified specifically in the chart.  If it was, I apologize

5   if I --

6          THE COURT:  Well, we'll get to it a little later.

7   But I'm just -- when you're disagreeing with your general

8   counsel and you're saying differently from him that if

9   somebody quoted The Wall Street Journal, oh, we'd put that on

10  the record -- we engaged in a five to ten-minute back and

11  forth about that.  And his answer was we would not refer to

12  that.

13         MS. MCNAMARA:  Right.  Because he's saying exactly

14  the same thing, essentially, that we couldn't --

15         THE COURT:  Saying we would not refer to it is not

16  the same thing as we'll put it on the public record.

17         MS. MCNAMARA:  But that's what he's saying, is that

18  we wouldn't cite to the questionnaire, we'd find a public

19  cite.  The Commission does this frequently.  If we get

20  something in a questionnaire, just the fact that it's in a

21  questionnaire doesn't mean that we treat it as confidential.

22         THE COURT:  That's what he said.

23         MS. MCNAMARA:  There's a public cite.  Well, yes.

24         THE COURT:  That's what you said.

25         MS. MCNAMARA:  If it's in the questionnaire, we

1   won't cite to the questionnaire, we'd cite to the publicly

2   available cite.  So for example, if somebody says something

3   in a questionnaires and then they say it at hearing, at

4   testimony in the public realm, we cite to the question that

5   was asked.

6           THE COURT:  Well, then why didn't you do that in

7   the CVB case?

8           MS. MCNAMARA:  I'm not counsel on that, Your Honor.

9           THE COURT:  The Commission jumped up and down and

10  said I had revealed confidential business information and all

11  I did was quote something that one of the witnesses said in

12  your public hearing and that USA Today later published.

13          MS. MCNAMARA:  I'm not on that case, Your Honor.

14          THE COURT:  And I cited to both his statement at

15  the public hearing before the Commission and to the USA Today

16  article.  Why was that not put on the public record?  Much

17  less, why did they -- why did the Commission not jump up and

18  down about it?  Why did the Commission jump up and down about

19  it and claim it was confidential?

20          MS. MCNAMARA:  I am not on that case, Your Honor.

21  I can't speak to it.  If it was a citation -- if Your Honor

22  cited to the hearing transcript --

23          THE COURT:  Yes, I did.

24          MS. MCNAMARA:  -- then that's public information.

25  So that citing to the --